## KASCH et al. v. CLIETT.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1924.)

No. 4081.

1. **Courts ⬤294—Jurisdiction in action for unfair competition rests only on diversity of citizenship.**

An action for unfair competition in business arises under no law of the United States, and jurisdiction to consider it in a federal court can rest only on diversity of citizenship.

2. **Courts ⬤292—Use of trade-mark in foreign or interstate commerce necessary to make out case.**

Though, under Judicial Code, § 24, subd. 7 (Comp. St. § 991), and Act Feb. 20, 1905, §§ 17, 19 (Comp. St. §§ 9502, 9504), the federal courts have jurisdiction of cases involving trade-marks registered under trade-mark acts of Congress, irrespective of citizenship, or of the amount involved, section 16 (Comp. St. § 9501) requires the use of the infringing mark in foreign or interstate commerce in order to make out a case within the competency of the federal courts.

3. **Courts ⬤292—Evidence held insufficient to show actual or threatened use of infringing trade-mark in interstate or foreign commerce.**

In a suit for infringement of a trade-mark, evidence that the only actual sales made by defendant in interstate commerce were prior to registration of plaintiff's mark, and that the circulation of advertising matter relied on as a threat of such sales occurred immediately after the registration and more than a year before suit was brought, was insufficient to prove actual or immediately threatened use of the mark in interstate commerce, so as to show jurisdiction, in view of the sworn answer explicitly denying any such present or intended use.

4. **Courts ⬤263—Federal courts, assuming jurisdiction because of federal question, may decide other questions.**

Jurisdiction, assumed by federal courts because of a substantial federal question, may require the decision of other questions which control the controversy, regardless of what decision is given the federal question, or whether it is decided at all.

5. **Courts ⬤263—Where jurisdiction of federal court limited to one subject-matter, it had no jurisdiction of other cause of action arising under common law or state law.**

Where the jurisdiction of the federal court was limited under Act Feb. 20, 1905, § 16 (Comp. St. § 9501), to the use of an infringing trade-mark in interstate commerce, and such claim failed, the court had no jurisdiction of an entirely different cause of action arising under the common law or state law, such as unfair competition or infringement of the trade-mark within a single state.

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by Ed Kasch and others against Oran W. Cliett, doing business under the name San Marcos Valley Seed Farms. From a decree refusing a preliminary injunction on the pleadings and evidence, plaintiffs appeal. Affirmed.

The complainants, citizens of Texas, after more than ten years' use of the name "Kasch" upon cotton seed marketed by them, had it registered as a trade-mark under the laws of the United States on March 1, 1921. Defendant, also a citizen of Texas, for some time has been using upon similar goods the words, "Produced from Kasch pedigreed cotton seed," in connection with his own trade name and marks, whereby infringement is claimed and unfair competition in business. The original bill did not distinctly allege a use by defendant of the words quoted in interstate or foreign commerce, but by amendment this allegation was made. The answer attacked the jurisdiction of the court, the validity of the trade-mark claimed, justified the use of the quoted words on defendant's goods as a truthful and not misleading statement, and one authorized by the complainants themselves, and denied the actual or intended use of them since the registration of the trade-mark in commerce outside of the state of Texas. On the pleadings and evidence a preliminary injunction was refused, and appeal has been taken.

R. E. McKie, of San Marcos, Tex., and John M. Spellman, of Dallas, Tex., for appellants.

Charles L. Black, of Austin, Tex. (Edward M. Cape, of San Marcos, Tex., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and SIBLEY, District Judge.

SIBLEY, District Judge (after stating the facts as above). [1, 2] The amended pleadings asserted two commingled causes of action, one for unfair competition in business, and one for unlawful use in interstate commerce of a trade-mark registered under the acts of Congress. The former arises under no law of the United States, and jurisdiction to consider it in a federal court can rest only on diversity of citizenship, which is lacking in this case. The latter arises under the trade-mark acts of Congress, and the federal courts are specially given jurisdiction, irrespective of citizenship or amount involved. Judicial Code, § 24 (7), being Comp. St. § 991; Act of February 20, 1905, § 17 (Comp. St. § 9502). Section 19 of the act (Comp. St. § 9504) authorizes injunctions "according to the course and principles of equity." The pleadings here as amended make on their face a case of federal cognizance, and the court had initial jurisdiction. But section 16 of the act (Comp. St. § 9501) states the essentials of such a case, in addition to the existence of a valid registered trade-mark, thus:

"Any person who shall, without the consent of the owner thereof, reproduce, counterfeit copy, or colorably imitate any such trade-mark *and affix* the same to merchandise of substantially the same descriptive properties as those set forth in the registration, or to labels, signs, prints, packages, wrappers, or receptacles intended to be used upon or in connection with the sale of merchandise of substantially the same descriptive properties as those set forth in such registration, *and shall use,* or shall have used, such reproduction, counterfeit, copy, or colorable imitation in commerce among the several states, or with a foreign nation, or with the Indian tribes, shall be liable to an action," etc.

By the express words of the section, *use* of the infringing mark in the commerce over which Congress has control is made as vital to the action as the existence of the registered trade-mark or its infringement.

[3] Passing by the questions as to the validity of complainants' trade-mark, and whether defendant's mark infringed it, and whether complainants have consented thereto, the case for an injunction under the federal act fails for want of proof of an actual or immediately threatened use in interstate commerce. The only actual sales proven to have been made by defendant in interstate commerce were prior to the registration of the mark, and the circulation of the advertising matter in states other than Texas, which is relied on as a threat of such sales, occurred immediately after the registration, and more than a year before filing the bill. The sworn answer and its amendment explicitly deny any present or intended use of the mark complained to be an infringement in interstate or foreign commerce. There was a failure to show a case within the competency of the court, such as was alleged, which may without impropriety be called a failure of jurisdiction. The court was warranted in refusing a preliminary injunction for that reason. Under the less explicit language of the Trade-Mark Act of 1881, it was held essential to jurisdiction that it be alleged that defendant's use of the infringing mark was in the commerce dealt with by that act. Ryder v. Holt, 128 U. S. 525, 9 Sup. Ct. 145, 32 L. Ed. 529. And like proof was required in Warner v. Searl & Hereth Co., 191 U. S. 195, 24 Sup. Ct. 79, 48 L. Ed. 145. The act of 1905 was adopted just after the latter decision, and its express language, as we have seen, makes the same requirement. If the Congress might in the regulation of interstate commerce protect that of the complainants under their trade-mark, by forbidding as an obstruction infringement in intrastate commerce, it is enough to say that it has not undertaken to do so.

[4, 5] A jurisdiction assumed because of a substantial federal question may require the decision of other questions which control the controversy, regardless of what decision is given the federal question, or whether it is decided at all. Siler v. L. & N. R. Co., 213 U. S. 175, 29 Sup. Ct. 451, 53 L. Ed. 753; Greene v. Louisville & Interurban R. R., 244 U. S. 499, 37 Sup. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88. But where, as in this case, the entire jurisdiction is limited to the one subject-matter of a case arising under section 16 of the Act of 1905, and that case fails, it would on its face be an unwarranted extension of jurisdiction to attempt to deal with an entirely different cause of action arising under the common law or state laws, such as for unfair competition or infringement of a trade-mark within a single state. Such was the conclusion recognized on a review of the cases dealing with this very subject-matter in Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 446, 456, 31 Sup. Ct. 456, 55 L. Ed. 536, and applied as we now apply it in Leschen Rope Co. v. Broderick, 201 U. S. 167, 26 Sup. Ct. 425, 50 L. Ed. 710, and Elgin Watch Co. v. Illinois Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365, affirming 94 Fed. 667, 35 C. C. A. 237.

The judgment is affirmed.