## PORCELAIN TILE CO. v. CHAMBERLIN et al. (two cases).

### Nos. 9676, 10064.

District Court, N. D. Illinois, E. D.

Feb. 26, 1931.

Chindahl, Parker & Carlson, of Chicago, Ill., for plaintiff.

Wilkinson, Huxley, Byron & Knight, of Chicago, Ill. (James P. Hume and Henry Huxley, both of Chicago, Ill., of counsel), for defendants.

WOODWARD, District Judge.

The sole question presented by defendant's motion to strike out certain portions of plaintiff's bill is that of the jurisdiction of this court.

In each case both plaintiffs and defendants are residents of Illinois. Jurisdiction is invoked on the ground that the suits arise under the patent laws.

The suits charge patent infringement. In each suit the plaintiff charges (1) as a separate and distinct cause of action, and (2) in aggravation of damages of the alleged infringement, that the defendants are guilty of acts of unfair competition.

In No. 9676 the allegation is made that the defendant Chamberlin either individually, or through a corporation controlled by him, by contract with the plaintiff, was the exclusive sales agent or distributor for Cook county, Ill., for the patented article. Under the contract, large quantities of the patented article were delivered to the defendant for which the defendant did not account for in the usual and regular manner, but, for deceptive purposes, caused their value to be charged to the operating expenses of defendants' corporation.

In No. 10064 the allegation is made that the defendant was guilty of fraud and deceit, in that he trespassed on plaintiff's salesrooms and exhibited samples of plaintiff's patented articles to his prospective customers, and represented that they were the samples of the articles of the defendants.

In the absence of diversity of citizenship, the federal court is without jurisdiction of an action for unfair competition. Kasch v. Cliett (C. C. A.) 297 F. 169; W. F. Burns Co. v. Automatic Recording Safe Co. (C. C. A.) 241 F. 472.

But, in a suit in which the jurisdiction is involved under the patent or other laws of the United States, acts of unfair competition may be considered, even where there is no diversity of citizenship, if such acts inhere in, and are an indivisible part of, the cause of action. In such case acts of unfair competition "are aggravations of the infringement." Ludwigs v. Payson Mfg. Co. (C. C. A.) 206 F. 60, 65; W. F. Burns v. Automatic Recording Safe Co. (C. C. A.) 241 F. 472.

The plaintiff contends that the decisions in this circuit (Payson Mfg. Co. v. Ludwigs [C. C. A.] 206 F. 60; Farmers Handy Wagon Co. v. Beaver Silo & Box Mfg. Co. [C. C. A.] 236 F. 731; W. F. Burns v. Automatic Recording Safe Co. [C. C. A.] 241 F. 472) support the proposition that the court, having properly acquired jurisdiction in a patent suit, where no diversity of citizenship is involved, may retain jurisdiction and grant relief for acts of unfair competition, if the court finds the patent to be valid and infringed, even though such acts are separate and disconnected from the acts of infringement and of themselves constitute an independent cause of action. The decisions in this circuit do not go to the extent contended for by plaintiff. As far as the decisions in this circuit above cited have gone is to hold that, no diversity of citizenship being involved, where the unfair acts complained of were the unnecessary and deceptive copying of plaintiff's product, then the court, as a part of the subject-matter of the litigation, has jurisdiction, if the patent is valid and has been infringed, to award damages for such unfair competition. No case has been cited where the Court of Appeals has held that, no diversity of citizenship being involved, the court has jurisdiction of an independent cause of action based upon unfair competition. The court cannot extend its

own jurisdiction. So to hold would be to assume jurisdiction of matters wholly outside the patent laws. Where no diversity of citizenship is involved, the jurisdiction of this court in a patent case is restricted to such questions as arise under the patent laws.

The acts of unfair competition alleged in the respective bills, and challenged by the motions to strike, are separate and distinct causes of action, not arising under the patent laws, and, there being no diversity of citizenship, wholly without the jurisdiction of this court.

The orders will be:

In No. 9676: Motion of defendant to strike out paragraphs 7, 8, 12, 13, and 14, and a part of paragraph 9 of plaintiff's bill allowed. Exception by plaintiff.

In No. 10064: Motion of defendant to strike out paragraph 10 of plaintiff's bill allowed. Exception by plaintiff.