**IRONITE CO. et al. v. GUARANTEE WATERPROOFING CO. et al.**

**No. 1238.**

District Court, W. D. Missouri, W. D.

Sept. 3, 1931.

Joshua R. H. Potts, of Chicago, Ill. (Eugene V. Clarke, Howard S. Laughlin, and Basel H. Brune, all of Chicago, Ill., and Thorpe & Thorpe, of Kansas City, Mo., on the brief), for plaintiffs.

Arthur C. Brown, of Kansas City, Mo. (Harding, Murphy & Tucker, of Kansas City, Mo., on the brief), for defendants.

OTIS, District Judge.

In this case two causes of action are joined, one for alleged infringement of a registered trade-mark, the other for alleged unfair competition. They will be considered separately herein.

1. The Ironite Company, one of the plaintiffs, an Illinois corporation, is the owner of the registered trade-mark involved, having it by assignment from its originator, one John M. Rauhoff, who applied for its registration in the United States Patent Office February 18, 1911. It was registered October 24th of the same year.

The trade-mark consists essentially of the word "Ironite." It was registered as a trade-mark to be used "for a composition to be applied to cement and concrete structures, such as walls, floors, roofing-slabs, building blocks, and brick for the purpose of rendering the same proof against the absorption of water or moisture" and to be "applied or affixed to packages containing the composition or goods by stenciling or placing thereon a printed label on which the trade-mark is shown."

The Ironite Company is and has been engaged in the manufacture of a waterproofing composition, consisting of finely ground iron mixed with some liquid, usually water, and in distributing the composition so manufactured. It appears from the allegations of the plaintiffs' bill, as it appears also from the evidence in this case, that the Ironite Company distributes its waterproofing composition under its trade-mark "Ironite," not by direct sales to the public, but through

exclusive licensees in various territories in the United States by which licensees the composition is applied in buildings and otherwise in accordance with a particular process known as the "Ironite" process, which process was formerly covered by a patent, now expired.

The exclusive licensee of the Ironite Company, in Kansas City territory, is the plaintiff, the Permanent Waterproofing Company, a Missouri corporation. Although two defendants are named, the Guarantee Waterproofing Company and John T. Kelley, there is in reality but one defendant, John T. Kelley, who conducts a waterproofing business under the name of the Guarantee Waterproofing Company. The defendant Kelley is a resident of Missouri and is a competitor of the Permanent Waterproofing Company, the Ironite Company's licensee.

The allegations of the plaintiff's bill, in connection with their cause of action for trade-mark infringement, are that the defendant has "unfairly and deceptively used plaintiffs' trade-mark or name "Ironite" on packages containing a product of the same descriptive properties as that of plaintiffs, represented by defendants to be the genuine "Ironite" product."

■ If plaintiffs' cause of action for trade-mark infringement is to be maintained, it must be by virtue of section 96, title 15, USCA, which is as follows: "The registration of a trade-mark under the provisions of this subdivision of this chapter shall be prima facie evidence of ownership. Any person who shall, without the consent of the owner thereof, reproduce, counterfeit, copy, or colorably imitate any such trade-mark and affix the same to merchandise of substantially the same descriptive properties as those set forth in the registration, or to labels, signs, prints, packages, wrappers, or receptacles intended to be used upon or in connection with the sale of merchandise of substantially the same descriptive properties as those set forth in such registration, and shall use, or shall have used, such reproduction, counterfeit, copy, or colorable imitation in commerce among the several States, or with a foreign nation, or with the Indian tribes, shall be liable to an action for damages therefor at the suit of the owner thereof. * * * "

That an action of this character must be maintained, if at all, under this statute was held by the Circuit Court of Appeals for the Fifth Circuit in Kasch et al. v. Cliett, 297 F. 169.

■ From a consideration of the statute it is apparent that there are three essentials to infringement of a registered trade-mark. They are these: (1) A reproduction or imitation of the trade-mark; (2) the affixing of the reproductive or imitation either to (a) merchandise of the same descriptive properties as those set forth in registration or (b) to labels or receptacles intended to be used in connection with such merchandise; and (3) the use of such reproduction or imitation of trade-mark in interstate commerce. Proof of infringement involves proof of each of these three elements. Failure of proof as to any one of these several elements is failure to prove a cause of action for infringement.

Now the proof in this case is that the defendant in the conduct of his business as a waterproofing contractor represented to his clients that he did waterproofing by the "Ironite" process and used "Ironite" for waterproofing. He did not obtain the waterproofing composition which he applied from the Ironite Company. He did obtain it from one of the competitors of the Ironite Company, the Truscon Laboratories of Detroit, Mich. It came to him in receptacles bearing on the outside thereof in large lettering the words "Truscon" and the words "The Truscon Laboratories, Detroit, Michigan, U. S. A.," and also, stenciled thereon, the word "Ironite." There was no showing that the defendant himself had anything to do with placing the word "Ironite" on any of the receptacles containing the waterproofing composition used by him or upon any containers of any kind containing any such waterproofing composition. The Truscon Laboratories was not made a party in this proceeding.

Upon a careful consideration of the evidence in the case, I make the following findings of fact:

1. The defendant is engaged in Kansas City, Mo., in the business of applying waterproofing to concrete flooring and other surfaces in buildings under construction.

2. The defendant has represented that in the waterproofing done by him he uses "Ironite" and the "Ironite Process."

3. The defendant has not affixed either to merchandise of substantially the same descriptive properties as those set forth in the plaintiff's registration of its trade-mark or to labels, signs, prints, packages, wrappers, or receptacles intended to be used upon or in connection with the sale of such merchandise, any reproduction, counterfeit,

copy, or colorable imitation of the plaintiff Ironite Company's trade-mark.

4. The defendant has not used in interstate commerce any reproduction, counterfeit, copy, or colorable imitation of the trade-mark in question affixed to or in connection with the sale of merchandise of the same descriptive properties as those set forth in the registration of the trade-mark.

It follows from these findings of fact that the defendant has not infringed the copyright of the Ironite Company.

■ 2. Under the evidence the defendant clearly was guilty of unfair competition with the plaintiffs.

The Ironite Company manufactures and distributes for use throughout the country its waterproofing composition under its trade-mark "Ironite." The plaintiff and its licensees apply that product by a process generally known as the "Ironite" process. The word "Ironite" as used in these two connections was associated in the public mind with the Ironite Company and its licensees. It is admitted in the answer of the defendant that: "The distinctive manner of application of said product so marked has become well known and recognized under the designation of 'Ironite' process or method, thereby distinguishing and identifying the particular product manufactured and marketed by plaintiff as aforesaid, and also the distinctive manner of application employed or caused to be employed by plaintiff Ironite Company as aforesaid, and defendants admit that both said product and said method of application and the use of the name 'Ironite' therewith did, * * * become identified to the public as indicating a product and method of application having a distinct source of origin, i. e., the plaintiff Ironite Company. * * *" It is admitted, in other words, that "Ironite," whether used in connection with the product or the method of applying it, suggested the product and process of plaintiffs. When the defendant represented, as he did represent, that he was using "Ironite" in his waterproofing work, the natural effect was to lead those with whom he was dealing to believe he was employing the product of plaintiffs, and when he represented that he was applying "Ironite" by the "Ironite" process, again the natural effect was to lead those with whom he was dealing to believe that he had authority from the plaintiffs to use the process. That is unfair competition unless it appears, as the defendant claims, that the word "Ironite," as identifying the product and process of the plaintiffs, had become public property so that they might be employed by any one.

The basis of defendant's contention that the word "Ironite" was public property when it was used by the defendant is that so far as the process was concerned, it was the generic name of the process, that the process had been patented, and that the patent had expired, and that, under the authority of Singer Manufacturing Co. v. June Manufacturing Co., 163 U. S. 169, 16 S. Ct. 1002, 41 L. Ed. 118, when a name given to a patented product becomes the generic name of that product, then the name becomes public property when the patent expires provided it is not so used as to mislead the public touching the origin of the product. But that doctrine of this case is not applicable here.

In the first place, the patent referred to was not of the waterproofing composition manufactured by the plaintiff Ironite Company, but of the process of applying that composition. The name given by the plaintiff to its product, as the name of the product, did not become public property even although the name given to its process, if the generic name of the process, might have become public property upon the expiration of the patent to the process. Even if defendant had the right to use the word "Ironite" as referring to the process employed by him, he did not have the right to use the word "Ironite" in connection with the waterproofing composition used by him. In the second place, the word "Ironite" was never the generic name of the process, but was indicative only of its connection with the Ironite Company. In the third place, even if both as to the product and process the word "Ironite" was generic and not merely indicative of origin, the defendant did not clearly represent to those with whom he dealt that the product and process used by him under the name "Ironite" was not the product and process of the plaintiffs. In other words, he did not comply with the law as declared in the Singer Case by indicating a different origin for his product and process than that which he admits was associated with the plaintiff Ironite Company before the expiration of its patent. He did indeed, when specific inquiry was made of him as to the source of the product used by him, say to those dealing with him that it was the Truscon Laboratories. But if there was no specific inquiry, the naturally

formed impression that his product came from plaintiff was permitted by him to remain.

In connection with this phase of the case I make the following findings of fact:

1. That the word "Ironite" was used by the plaintiff Ironite Company to designate its waterproofing composition and its method of applying that composition and had been so used for a long period.

2. That this word so used indicated to the public mind that a waterproofing composition bearing the name "Ironite" was manufactured by the plaintiff Ironite Company and that an application of the waterproofing composition by the "Ironite" method was an application of that composition under the direction and supervision of the Ironite Company or its licensees.

3. That the defendant knew that the word "Ironite" was understood as referring to the waterproofing composition manufactured by the plaintiff Ironite Company and the method of application used by that company.

4. That the defendant represented to the public that he did apply "Ironite" by the "Ironite" method for the purpose of profiting by the reputation established by the plaintiffs for their waterproofing composition and its method of application.

5. That the word "Ironite" as used by the plaintiff in connection both with its waterproofing composition and method of application of that composition is not the generic name either of the composition or of the process, but indicates only that the origin of the composition and process is with the plaintiff Ironite Company.

3. But notwithstanding the conclusion reached in subdivision 2 of this memorandum opinion, that the defendant was guilty of unfair competition, I am convinced (after rehearing and reargument of the whole matter) that, because of the conclusion reached in subdivision 1 hereof, that there has been no actionable infringement of the trade-mark, plaintiffs may not have in this court (since there is not complete diversity of citizenship as between the parties plaintiffs and defendants) either injunctive relief or damages. Stark et al. v. Stark Bros. Nurseries & Orchards Co. (8 C. C. A.) 257 F. 9; Taylor v. Bostick (C. C. A.) 299 F. 232.

The bill must be dismissed for want of jurisdiction.