CONTINENTAL JEWELRY CO. *v.* JOSEPH.*

(Division A.   Sept. 28, 1925.   Suggestion of Error Overruled Nov. 9, 1925.)

[105 So. 639.   No. 25007.]

CONTRACTS. *Person cannot avoid written contract entered into by him because he did not read it or have it read to him, unless induced not to read it or have it read to him by fraudulent representations.*

A person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him, and that he supposed its terms were different, unless he was induced not to read it or have it read to him by fraudulent representations made to him by the other party, on which he was entitled to rely.

---

*Headnote 1.   Contracts, 13 C. J., Section 249; Right to rely upon representations made to effect contract as a basis for a charge of fraud, see note in 37 L. R. A. 598; 6 R. C. L., p. 633; 2 R. C. L. Supp., p. 170.

APPEAL from circuit court of Jefferson Davis county. HON. J. Q. LANGSTON, Judge.

Action by the Continental Jewelry Company against C. H. Joseph. Judgment for defendant, and plaintiff appeals. Reversed, and judgment entered for plaintiff.

*Livingston & Milloy,* for appellant.

The evidence of appellee failed to show a defense to the suit, and appellant, we submit, was entitled to a peremptory instruction. The proof conclusively proves that the contract was dated September 27, 1921, and signed: "Salesman. R. J. Barbour. Purchaser. C. H. Joseph." Just above the signature of C. H. Joseph is printed in large clear type—"We have read this order and find it complete and satisfactory."

Appellant testified that on receipt of the order on September 29, 1921, that it acknowledged the order and enclosed a certified copy of same to appellee and informed appellee in the letter that the certified copy of the order covered all the details of the transaction, terms of settlement, warranty, exchange, plans, etc. The oral proof offered was, therefore, not proper. *J. B. Colt Co.* v. *Odom,* 101 So. 853, is conclusive.

Appellee testified that he could read large print, but not small print. He also testified that his wife was present and could read, but that he did not ask her to read the order for him, and consequently, we submit that he was bound by the order, the basis of this suit.

Where the law requires a written instrument, or where the parties themselves adopt that mode of contracting, it is a matter of principle and policy to prevent inferior evidence from being used, either as a substitute for, or an alteration of the written contract. See *Pack* v. *Thomas,* 13 S. & M. 11, 51 Am. Dec. 135; 10 R. C. L., sec. 214, page 1021.

There was no testimony introduced to show any legal defense to this suit, and the peremptory instruction should have been granted, and the cause should now be reversed and judgment entered in favor of appellant. See *W. T. Raleigh Co.* v. *Denham,* 119 Miss. 406, 81 So. 118.

*C. E. Thompson,* for appellee.

Through false and fraudulent statements of appellant's agent, appellee, a man of foreign birth, and able to read English but poorly, was induced to sign this contract, which was in reality an absolute order upon being accepted by appellant. In the course of a few weeks appellee received a shipment of worthless jewelry from appellant, invoicing two hundred seventy-six dollars. Appellee immediately took the matter up with appellant in an honest endeavor to get appellant to do what appellee understood that he had signed an agreement to do. Appellant gave appellee no satisfaction in this respect, whereupon appellee returned the entire shipment to appellant. Appellee never displayed any of the goods for sale, nor did the least thing to ratify this fraudulently procured contract.

Fraud cannot be defined. Each case has to stand on its own facts, and the peculiar circumstances surrounding it. There is ample evidence in the record to support the finding of the jury on this issue. The contract procured through fraud was not ratified by acts of appellee. Authorities cited by appellant have no application to this case.

I respectfully submit that the judgment should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The appellant sued the appellee for a balance due for jewelry sold and delivered by it to the appellee on a written contract therefor. The appellee's defense is that the contract signed by him is materially different from what he thought it was when he signed it. The evidence introduced by him in support of this contention is to the effect that an agent of the appellant called on him at his place of business and solicited permission for the appellant to ship jewelry on consignment to be paid for when delivered, to which he agreed, and told

the agent to make selection of the jewelry for him. The contract was then reduced to writing by the appellant's agent, was handed by him to the appellee, who signed it without reading it or having it read to him. When the contract was handed to the appellee he stated to the appellant's agent that he did not have time to read it, and was told by the agent that he "need not look over it." The court below refused a request by the appellant to direct the jury to return a verdict in its favor and erred in so doing.

A person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him, and that he supposed its terms were different, unless he was induced not to read it or have it read to him by fraudulent representations made to him by the other party, on which he was entitled to rely. 13 C. J. 370, et seq.; note to *Spitze* v. *B. & O. R. R. Co.*, 32 Am. St. Rep. 385.

Reversed and judgment here for the appellant.

*Reversed.*