AMERICAN OIL CO. *v.* WILLIAMSON.

(Division A. May 27, 1929. Appellee's Motion to Dismiss Appeal Overruled May 27, 1929.)

[122 So. 488. No. 27871.]

*Hannah & Simrall,* of Hattiesburg, for appellant.

*A. Q. Broadus,* of Purvis, for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellant conveyed to the appellee a lot in the town of Lumberton by a deed which was accepted and recorded. The greater portion of the purchase money was not paid on delivery of the deed, but promissory notes therefor were executed and delivered by the appellee to the appellant and were secured by a deed of trust on the property. Default having been made in the payment of these notes, the deed of trust was foreclosed, and the land was purchased by the appellant for considerably less than the amount of the notes secured by the deed of trust. This suit is by the appellant to recover the balance due by the appellee on the notes, and there was a judgment for the appellee. One of the appellant's assignments of error is that the court below erred in overruling its request for a directed verdict.

The land was conveyed to the appellee by a general warranty deed, but which stipulated that the appellee should maintain an automobile filling station on the lot for a period of fifty years and should purchase his sup-

plies therefor from the appellant; that on his failure so to do the appellant could take possession of the lot and run the filling station itself.

The appellee claims that this restriction on the use of the property was not in accordance with his agreement to purchase the land, and that he did not read the deed until some time after it was delivered to him.

"The appellee contends (quoting from the brief of his counsel) that this case should be affirmed for the following reasons:

"(1) There was an agreement between the parties that appellant would convey to appellee a fee-simple title to the lot in question at the time of the execution of the notes and deed of trust, which appellant never did.

"(2) In place of appellant executing a fee-simple deed, it only executed a contract of sale which contract was in violation of public policy.

"(3) The sale contract being in violation of our anti-trust statutes and void as against public policy, this contract could not be reformed in law or in equity.

"(4) The appellant offered to surrender the notes back for the property back which property it had in its possession at the time of the sale.

"(5) The fee in the said land had been reserved in the appellant and when the appellee attempted to convey it to the trustee he had no legal title to convey.

"(6) The contract being void as against public policy and the control of the property being reserved in the appellant, the notes were without consideration and void.

"(7) The trustee in the foreclosure sale could not convey a fee-simple title to the land in question as per his offer so to do, for the reason that the fee had been reserved in the grantor, and the foreclosure sale by the trustee was a nullity and void because no person, firm or corporation could acquire any right in the property in question against the rights of appellant."

It may be, though the evidence relative thereto is in conflict, that the appellee did not know, when he accepted the deed, of the restrictions therein on the use of the property, but no relief can be granted him here for that reason; his failure to read the deed not having been induced by any fraudulent conduct on the part of the appellant. *Gunter* v. *Henderson Molpus Co.*, 149 Miss. 603, 115 So. 720; *Continental Jewelry Co.* v. *Joseph*, 140 Miss. 582, 105 So. 639; *Coats & Sons* v. *Bacon*, 77 Miss. 320, 27 So. 621. "A person may not plead ignorance of the covenants of a deed executed to him after it has been accepted and recorded, as a ground for defeating the force and effect of such covenants, in the absence of any fraud practiced by the grantor preventing the grantee from familiarizing himself with the deed." 18 C. J. 226.

It will not be necessary for us to decide whether the restrictions in the deed on the use of the property are valid, for whether they be construed as merely restrictions or as a condition, if void, the title conveyed by the deed would not be affected thereby; the restrictions, if void, being simply unenforceable. 18 C. J. 362.

It is true that the appellant offered to surrender the notes sued on to the appellee if he would return the property to it; but this offer was met by a counteroffer of the appellee which was not accepted by the appellant, and the evidence does not disclose that any agreement for the return of the property and the cancellation of the notes was in fact made, or, if made, that the appellant was placed in default by a tender to it of a deed to the land by the appellee. The evidence, therefore, does not support this defense, assuming for the purpose of the argument that such a defense is not in conflict with the Statute of Frauds.

The appellant's request for a directed verdict should have been granted.

*Reversed, and judgment here.*