ALLIANCE TRUST CO., LIMITED, *et al. v.* ARMSTRONG.

(Division A. Feb. 20, 1939. Suggestion of Error Overruled May 29, 1939.)

[186 So. 633. No. 33497.]

Percy & Farish, of Greenville, for appellants.

154

W. A. Geisenberger and **Engle & Laub**, all of Natchez, and **Wells, Wells & Lipscomb**, of Jackson, for appellee.

158

Argued orally by **H. P. Farish**, for appellant, and by **C. F. Engle**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

In December, 1919, the appellee borrowed $125,000 from the appellant, executing several promissory notes therefor, secured by a deed of trust on land, the last of which to mature being for $45,000, due and payable on the 1st day of January, 1930. Six percent interest was

charged on this loan, each year's interest thereon being evidenced by separate notes therefor. The loan was obtained through brokers to whom the appellee also executed promissory notes for one and one-half percent of the amount of each of the principal notes. The deed of trust contained a clause accelerating the maturity of the notes on the failure to pay any one of them. All the principal notes have been paid except the last for $45,000.

On June 26, 1937, the appellee brought this suit in equity for the cancellation of this deed of trust, and, if not entitled thereto, for relief under our Moratorium Statute, Chapter 346, Laws of 1938. The original bill sought this cancellation only on the ground that the notes were usurious, because of which the payments made by the appellee thereon when applied thereto left nothing due thereon. Afterwards an amended bill was filed setting up that this $45,000 note was barred by the six-year limitations provided by Section 2292, Code of 1930, unless an agreement extending the maturity date thereof is valid, which agreement the appellee said was not in accordance with the real understanding of the parties thereto, and should ''be declared void,'' and ''be construed and adjudicated not to extend the time for suit upon said note beyond July 1st, 1936.''

In 1936 the appellee sued the appellant in the United States District Court, for the southern district of Mississippi, for the cancellation of this deed of trust on the ground that the notes were usurious. That court dismissed the bill of complaint, and its decree was affirmed by the Circuit Court of Appeals, Fifth Circuit, on February 16, 1937. 88 F. (2d) 449. The case before us and the one there are identical as to the appellee's usury complaint and should be considered herewith. We are of the opinion that that case was correctly decided, and, in addition, that the judgment there rendered is res judicata here. The appellee says that this judgment is not res judicata here for several reasons (none of which are well founded), one of which is that the Federal Dis-

trict Court was without jurisdiction of the case. This jurisdiction depended on diversity of citizenship. The appellee's bill of complaint in that court alleged that he "is an American citizen and that he resides and has his principal place of business in Adams County, Mississippi, but that his citizenship is in the State of Texas; that the defendant is a foreign corporation and has its principal office and place of business in Dundee, Scotland, and that C. F. Williams, a resident of Greenville, Washington County, Mississippi, is the agent of said corporation." The appellant's answer to this bill of complaint "concedes that the plaintiff is an American citizen and resides and has his principal place of business in Adams County, Mississippi, but denies that his citizenship is in the State of Texas." On these allegations the District Court was charged with the duty of determining its jurisdiction. This it necessarily did by assuming jurisdiction and adjudicating the case. Whether it decided that question correctly or not would be of interest on an appeal from its judgment, but cannot be inquired into here. Baldwin v. Iowa State Traveling Men's Association, 283 U. S. 522, 51 S. Ct. 517, 75 L. Ed. 1244; Stoll v. Gottlieb, 59 S. Ct. 134, 83 L. Ed. 104.

This brings us to the agreement extending the maturity date of the note. The $45,000 note would have been barred by the six-year period of limitations, Section 2292, Code of 1930, on January 1, 1936. In December, 1935, the appellee's financial affairs were being considered in a bankruptcy court and the appellant was uncertain whether this period of limitations would be tolled thereby. In order not to be met with this question the appellant, early in December, 1935, was preparing to begin proceedings to foreclose the deed of trust. After some correspondence between its attorney and the appellee, an agreement was reached by which the maturity date of the note would be extended. This agreement was prepared by the appellant's attorney, and the appellee called at his office for the purpose of examining and ap-

proving it. A typewritten agreement was handed by this attorney to the appellee, who examined it and then signed it. The appellee says that he was in a hurry, only examined it casually, and did not observe that the extended maturity date was not what he intended. This extended date was July 1, 1936, and the appellee says that he only meant to extend the date so as to cause the note not to be barred by the statute of limitations prior to that date. Two or three days thereafter he advised the appellant's attorney of this fact and suggested the preparation of a new agreement setting forth his understanding of what the maturity date should be, and suggesting also another alternative procedure. To this counsel for the appellant did not agree. The court below heard the appellee's parol evidence consisting principally of letters as to what he intended the agreement to be, cancelled the agreement and erred in so doing. The appellant's attorney was under no mistake as to what this agreement set forth, and did nothing to induce the appellee not to read and familiarize himself with it, and the appellee is an attorney at law, evidently of wide business experience. According to 12 Am. Jur., Contracts, Section 137: ''The courts appear to be unanimous in holding that a person who, having the capacity and an opportunity to read a contract, is not misled as to its contents and who sustains no confidential relationship to the other party cannot avoid the contract on the ground of mistake if he signs it without reading it, at least in the absence of special circumstances excusing his failure to read it. If the contract is plain and unequivocal in its terms, he is ordinarily bound thereby. It is the duty of every contracting party to learn and know its contents before he signs and delivers it. He owes this duty to the other party to the contract, because the latter may, and probably will, pay his money and shape his action in reliance upon the agreement. To permit a party, when sued on a written contract, to admit that he signed it but to deny that it expresses

the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts." See, also, 9 Am. Jur., Cancellation of Instruments, Section 34, and authorities cited in annotations to Hurst v. National Bond and Investment Company, 59 A. L. R. 807, and Vallentyne v. Immigration Land Company, 5 Ann. Cas. 214. Such is the rule of this Court. Caulk v. Burt, 112 Miss. 660, 73 So. 618; Wall et al. v. Wall et ux., 177 Miss. 743, 171 So. 675; cf. Continental Jewelry Co. v. Joseph, 140 Miss. 582, 105 So. 639; Gunter et al. v. Henderson Molpus Co., 149 Miss. 603, 115 So. 720; Fornea v. Goodyear Yellow Pine Co., et al., 181 Miss. 50, 178 So. 914.

No relief can be given the appellee under Section 12, Chapter 346, Laws of 1938, for three reasons: (1) The notes were extended by the agreement hereinbefore held valid for "a period ending more than one year after April 4, 1934;" (2) the evidence does not disclose that the appellee has made a sufficient effort to finance "his indebtedness through any agency or instrumentality of the United States Government;" and (3) he failed to pay the interest on this indebtedness for the last three years.

Reversed and bill dismissed.