FINKLEA BROS. *et al. v.* POWELL.

(In Banc.   October 28, 1940.)

[198 So. 293.   No. 34217.]

**Ernest Kellner,** of Greenville, for appellants and cross-appellees.

**Thomas & Cook**, of Greenville, for appellee and cross-appellant.

Alwine L. Mulhearn, of Tallulah, La., and McHenry, Lamkin & Titche, of Monroe, La., for appellee and cross-appellant.

Argued orally by **S. B. Thomas** and **Charles Titche**, for appellee and cross-appellant.

**Griffith, J.**, delivered the opinion of the court.

Suit was instituted by appellee, as plaintiff, in the District Court of the State of Louisiana for the Parish of Tensas, against the Finklea Bros. Crop Dusting Corporation, and Finklea Brothers, a partnership, and J. A. Finklea, J. C. Finklea and Ray Finklea, as individuals, wherein it was charged that the defendants in their crop dusting operations, through the means of airplanes, had negligently destroyed the apiary of the plaintiff, located in said parish. Service was had on the defendants by serving an employe of theirs then present in Louisiana.

The individual defendants appeared specially in the Louisiana court and filed their individual exceptions to the jurisdiction of that court, and showed that the residence of said individual defendants was in Mississippi, that neither of them was, or had been, in Louisiana, and

that the attempted service on the alleged agent or employe was insufficient to bring said individual defendants into that court. The exceptions were sustained as to the individuals.

At the same time Finklea Brothers, the partnership, appeared specially in the Louisiana court and excepted to the jurisdiction of that court and averred that the partnership was domiciled in Mississippi, that no one of the partners had been at any time in Louisiana, and that the attempted service on the alleged agent or employe was insufficient to bring the partnership, as such, into that court. The exception of the partnership was disallowed, the court ruling that although the members of the partnership as individuals could not be held, the partnership as a legal entity had been validly brought into court, the Louisiana tribunal, in its interlocutory judgment, which was brought forward and made a part of the final judgment, referring, among other considerations, to Sec. 1, Subds. 4 and 12 of Act 179 of 1918 Louisiana Statutes.

Thereupon the corporation and the partnership, as a partnership entity, filed their answers to the merits, and the cause was fully litigated on the issues of liability on the facts, with the result that a judgment was rendered against the corporation and the partnership in solido for a sum in excess of $3,000.

Within a year appellee filed his declaration in the circuit court of Washington County in this state, the county of the domicile of the corporation and of the partnership, as well as of the individual members of the partnership. The record of the judgment in the Louisiana court was made an exhibit to the declaration, and judgment here was prayed in virtue of the Louisiana judgment, but the demand in the circuit court, apparently, was also that judgment be entered against the individual members of the partnership jointly and severally with the corporate defendant.

The individuals and the partnership defended in the circuit court on the ground that no valid service had been

had in Louisiana either on the individuals or on the partnership; and the corporation defended on the ground that the Louisiana judgment being an entirety and being void as to the partnership was void also as to the corporation.

Appellee moved to strike the plea of the individual defendants on the ground that no judgment was being sought against the individual defendants in their individual capacities, and this being stated in open court, the motion was sustained. The defenses of the partnership as such and of the corporation were overruled; the Louisiana judgment was given recognition; and judgment was entered in the circuit court as shall be more particularly hereinafter mentioned.

Dealing now with the corporation and with the partnership as an entity aside from the members of the firms in their individual capacities, and in view of the fact that these two defendants last aforesaid litigated the cause on its merits in Louisiana:

The rule is that when a defendant has been sued in a state other than that of his residence and service has been attempted to be made on an alleged agent of the defendant, the latter may challenge the jurisdiction by one or the other of the following two courses: (1) He may disregard the suit; entirely stay away from the jurisdiction in which it is brought, and upon the attempt thereafter to propound the judgment against him in a court of his residence or domicile, he may then raise, and have an adjudication, in the latter court, on the question whether the original court had jurisdiction. Or (2) he may appear specially, in any of those jurisdictions where a special appearance is allowed, and in limine challenge the jurisdiction; and, if the jurisdictional issue be ruled against him, he may then proceed on the merits and on appeal may have a review which will involve, first, the jurisdictional question.

If he elect to take the second course above outlined,. he will, in the absence of real fraud, be bound by the decision of the court in which the case was originally in-

stituted, and he cannot have the jurisdictional question reviewed collaterally in the courts of his residence or domicile when the judgment is later sought to be propounded there. In other words, when he submits the jurisdictional question for the determination of the first tribunal, his only recourse is an appeal within that jurisdiction, and not an appeal by way of a collateral attack in another jurisdiction. Baldwin v. Iowa State etc., Ass'n, 283 U. S. 522, 51 S. Ct. 517, 75 L. Ed. 1244; Alliance Trust Co. v. Armstrong, 185 Miss. 148, 162, 186 So. 633.

The corporation and the partnership contend, however, that the stated rule cannot be applied here because, as they say, the judgment in the original court was not merely erroneous, but was absolutely void; and they invoke the familiar principle that a void judgment may be attacked anywhere, at any time. They say that the quoted Louisiana statute permitting service on a non-resident partnership, doing business in that state, through an agent or employe of the partnership, the agent or employe being found and served in Louisiana, is a void statute, and a judgment founded upon it is likewise void.

Had the partnership done no more than appear specially in the Louisiana court and there raised the jurisdictional question, we might or might not be disposed to inquire into the contention outlined in the next foregoing paragraph. But it elected to proceed to a full hearing on the merits of the litigation, although first challenging the jurisdiction. In such a situation we prefer to apply the rule as first stated hereinabove without reservation, save as to the reservation of fraud.

Special appearances, as recognized in most jurisdictions, have but little room for operation in this state, and none where the parties to the judgment have voluntarily appeared and litigated the issues to a conclusion on the merits. Our jurisprudence and its policy is, therefore, in complete accord with what was said in the Baldwin case [283 U. S. 522, 51 S. Ct. 518, 75 L. Ed. 1244] : ''Public

policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case, and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause.''

The language of the Louisiana court ordered ''that there be a judgment in favor of Chas. E. Powell, plaintiff herein, and against Finklea Bros. Crop Dusting Corporation and Finklea Brothers a partnership composed of J. C. Finklea, J. A. Finklea and Ray Finklea in solido the amounts itemized as follows to wit.'' The language in our circuit court is ''that the plaintiff Chas. E. Powell do have of and recover from the defendants Finklea Bros. Crop Dusting Corporation and J. C. Finklea, J. A. Finklea and Ray Finklea a partnership composing the firm of Finklea Brothers in solido, the sum,'' etc. Appellee presents a cross-appeal and complains that our court should have translated the Louisiana language ''in solido'' into what is said to be the equivalent common law term ''jointly and severally.'' If we should allow this substitution in the quoted Mississippi judgment, then, under our law, the judgment could be construed to mean that each member of the firm would be individually liable jointly and severally, whereas the record in the Louisiana court shows that the court there disavowed any power or purpose to render any judgment against the partners as individuals, and, as already mentioned, a like disavowal was entered of record by appellee in the circuit court here. We assume, therefore, that it was competent under Louisiana law to render a judgment which would be effective against a partnership as to partnership property, but which could not be followed out into an individual liability to be enforced against the separate property of

the individual members of the firm; but in any event the judgment here cannot be enlarged beyond that which the Louisiana record shows was the judgment intended to be rendered there.

Affirmed on direct and on cross-appeal.