## Cudahy Packing Co. *v.* Smith.

(In Banc.   May 12, 1941.)

[2 So. (2d) 347.   No. 34574.]

**A. M. Pepper,** of Lexington, and **Welch & Cooper,** of Laurel, for appellant.

**O. B. Triplett, Jr.**, of Forest, for appellee.

Argued orally by **W. S. Welch**, for appellant, and by **O. B. Triplett, Jr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee as plaintiff instituted, on July 17, 1940, in the Circuit Court of Smith County, an action against appellant, the defendant therein, for a breach of an implied warranty in respect to an article of canned sausage. The declaration charged that the corporation which packed or canned the sausage was the Cudahy Packing Company, a Maine corporation, and this is the particular corporation which was made defendant; but it further charged that the defendant corporation was, at the times relevant to the occurrences charged in the declaration, "doing business in Mississippi through its corporate agent Cudahy Packing Company of Louisiana, Ltd., a non-resident corporation domiciled at New Orleans, Louisiana, but qualified to do business in the State of Mississippi, and in the manner required by statute having designated A. M. Pepper, a resident of Lexington, Holmes County, Mississippi, as its resident agent upon whom all process of this Court may be served."

Upon the filing of the declaration, a summons was issued reading as follows:

"To the Sheriff of Holmes County—Greetings:

"We command you hereby that you summons The Cudahy Packing Company by serving process upon A. M. Pepper as process agent for Cudahy Packing Company of Louisiana Ltd., alleged by the plaintiff to be a corporate agent of the Cudahy Packing Company, a Maine Corporation, which is thus doing business in the State of Mississippi, Defendant, if to be found in your County, so that it be before the Circuit Court to be holden in and for Smith County at the Courthouse thereof, in the Town of Raleigh, said County and State, on the Fourth Monday of October, 1940, to answer the declaration of Walter Smith, Plaintiff against the said defendant, now on file in the Clerk's office of said Court, and have then and there this summons."

The Sheriff of Holmes County returned the summons to the court in Smith County with the following endorsement: "I have this day executed the within writ by delivering a true copy thereof to A. M. Pepper, authorized agent for process of Cudahy Packing Company of Louisiana, Ltd., an alleged corporate agent of The Cudahy Packing Company, a Maine Corporation, doing business in the State of Mississippi."

The clerk made and filed in the papers in the case the following certificate: "I, E. F. Shanks, Jr., Circuit Clerk of Smith County, Mississippi, do hereby certify that on July 20, 1940, I mailed a copy of the summons of the defendant issued in this cause, to the home office of the defendant corporation by registered letter, addressed: 'The Cudahy Packing Company, Chicago, Illinois,' this being the name of the home office of said defendant; and I have filed in this cause the receipt of the postmaster for said registered letter and also the return receipt of said letter executed by the defendant on July 24, 1940, signed 'The Cudahy Packing Company by S. H. Bogers.' "

It will be observed that the clerk certified that the return receipt was executed by the defendant, but the return receipt itself is in the record and that receipt is as follows:

"Received from the Postmaster the Registered or Insured Article, the original number of which appears on the face of this card.

"(Signed)    Cudahy Packing Company,
"H. Bogers"

On the 3rd day of October, 1940, a few days before the coming on of the court term in Smith County, A. M. Pepper filed in the case the following paper, verified by oath, entitled "Motion to Quash Process":

"Now comes A. M. Pepper, upon whom process has been attempted to be served as alleged resident agent of The Cudahy Packing Company, a Maine Corporation, and moves the court to quash the summons and the return thereon for the following reasons:

"First—Because the said A. M. Pepper is not the resident agent of The Cudahy Packing Company, a Maine Corporation, a non-resident corporation, the defendant in the above styled cause, therefore said attempted service of said process on him for said reason is void.

"Second—Because The Cudahy Packing Company of Louisiana, Limited, a non-resident corporation, is not the corporate agent of The Cudahy Packing Company, a Maine Corporation, therefore the attempted service of process on A. M. Pepper as the alleged corporate agent by the service of process on The Cudahy Packing Company of Louisiana, Limited, as alleged corporate agent of the said Cudahy Packing Company, a Maine Corporation, defendant is void and of no effect.

"Third—The said A. M. Pepper appearing specially and personally in this cause for himself only and for jurisdictional purposes only.

"And that no further answer be required or made in this cause."

This motion provoked the taking of some testimony which, so far as is material to the particular point that we shall first hereinafter consider, was to the effect that there are five or six corporations organized and existing under the laws of different states, all named Cudahy Packing Company, and that all these corporations, including the Louisiana corporation, have their general business offices in the City of Chicago, and that the principal stockholders in each of them live in that city. Moreover, that all these corporations have their general business offices in the same building in Chicago, but that each has a different set-up for the handling therein of the details of their respective corporate businesses, although it may be said that there is enough evidence to show that the same attorneys serve all these Cudahy corporations.

There is no statement either in the declaration or in any of the testimony as respects the home office of the defendant, the Maine corporation, other than at one point therein, that corporation is spoken of as the Cudahy Packing Company of Portland, Maine. The only place where the home office of that corporation is referred to as being in Chicago is in the clerk's certificate above quoted.

Sections 4166 and 4167, Code 1930, which allow suits against foreign corporations found doing business in this State, provide (1) that service may be made upon certain agents of the corporation within this State, but provide further that (2) "in order that defendant corporation may also have effectual notice, it shall be the duty of the clerk to immediately mail a copy of the process to the home office of the corporation by registered letter . . ." In Eminent Household v. Lundy, 110 Miss. 881, 71 So. 16, and Columbia Star Milling Co. v. Brand, 115 Miss. 625, 76 So. 557, as well as in later cases, it was held, and it is now firmly established, that the steps required to be taken as set out under numeral (2), hereinabove, are essential to the validity of the process

without which a judgment by default is void—and it may be here noted that the defendant, the Cudahy Packing Company of Maine, made no appearance in the circuit court, and that a judgment by default, and upon writ of inquiry, was therein entered against it for the full amount sued for, from which judgment it prosecutes this appeal raising the points that there was no valid service upon it, and that it was doing no intrastate business in this State, and that the record as now before us so shows.

We will not pause to consider whether that part of the service on the alleged agent in this State was valid, or whether the home office of the defendant was in Chicago; nor will we enter upon a discussion whether the provision, as regards the mailing of a copy of the summons, shall have that strict construction, and the strict application required in cases of service by publication; but we must hold that where the mailing is so addressed and sent as to make it uncertain whether it would be received by the particular defendant, rather than by some other person or corporation, the mailing was ineffective and may as well not have been done at all. An illustration of the principle may be found in Stumpff v. Price, 74 Okl. 117, 177 P. 109, where there were two defendants, both residing at the same place, and the summons, or its equivalent, was jointly addressed and mailed to them in one envelope. The court held that inasmuch as thereby it was made uncertain as to which of the two received the notice, it would have to be held ineffective as to both of them.

So here, the summons was mailed to the Cudahy Packing Company, Chicago, Illinois, and was receipted by the Cudahy Packing Company by S. H. Bogers. It was not addressed to the Cudahy Packing Company of Maine and receipted for as such. The question is, then, to which one of these five or six Cudahy Packing Companies, having their general business offices in Chicago, was this summons addressed and to which one of them was the registered envelope delivered? We have no way of knowing from this record, nor did the trial court know

or have any way of knowing from the record before it. To say that it was in fact received by the Cudahy Packing Company of Maine is to resort to a possibility or a conjecture; and over and over we have held that judgments may not be upheld when founded on possibility or conjecture.

Nor may we resort to the assumption that whatever one of these companies it was that received the envelope, the recipient immediately thereafter transferred or delivered it to the Maine corporation. It could as well be assumed that the agent, or agent corporation, of the defendant corporation, when served in this State, would immediately thereafter transfer or deliver the summons to the defendant corporation; but the statute itself, as a cautionary measure, provides against or forestalls any such an assumption. Our conclusion is that the mailing under the facts of this case, as shown by the record thereof as now before us, was not of such effect as to bring the defendant, the Cudahy Packing Company of Maine, into court at the time the judgment by default was taken.

If it may be assumed that, in fact, the actual defendant had knowledge of the pending action against it, the record will give support to the entertainment of the further assumption that the defendant was under the impression that if it appeared in the circuit court and there filed the proper plea or pleas in abatement of the suit for want of territorial jurisdiction, this would nevertheless have held appellant to an appearance therein for all purposes, so that all it could have gained, would have been a continuance to the next term of the court. And there is much in the general language of some of the earlier decisions to have given ground for that apprehension. But in Arnett v. Smith, Inc., 165 Miss. 53, 145 So. 638, it was definitely held that when the court has not territorial jurisdiction over a foreign corporation when and because not found doing business in this State, the appearance of such a corporation to abate the action does not waive its immunity nor the lack of jurisdiction;

and the court there referred to what was said in Turner v. Williams, 162 Miss. 258, 263, 139 So. 606, to the effect that the appearances dealt with under Section 2999, 3000, Code 1930, have nothing to do with the right of a defendant to have a cause dismissed where the court is without jurisdiction of the subject· matter, or where there is a lack of territorial jurisdiction. And this rule was not trenched upon in Gridley, Maxon & Co. v. Turner, 179 Miss. 890, 176 So. 733, 177 So. 362, for there the foreign corporation was, in fact, found doing an intrastate business in this State, as the opinion on the suggestion of error distinctly points out. See also Alabama Power Co. v. Jackson, 181 Miss. 691, 703, 179 So. 571.

Inasmuch, therefore, as appellant could have appeared and raised in limine the question of territorial jurisdiction without thereby waiving its immunity, or the lack of such jurisdiction, appellant would be at liberty to take throughout the second alternative course, pointed out in Finklea Bros. v. Powell, 189 Miss. 454, 198 So. 293; and since appellant has appeared by appeal in this Court and has thereby taken notice of the pendency of the action, effective as of the date of the taking of this appeal, wherefore any further notice of it now or since the taking of the appeal is not necessary to be given to appellant by summons, mailed notice or otherwise, we have stated in this and the next preceding paragraph the procedure of which appellant may avail itself on the remand, and when in the trial court there may be a fuller and more dependable development of the facts upon which the question of territorial jurisdiction may be determined, and if upon that issue, first presented and determined, the court shall take jurisdiction, appellant may then proceed upon the merits and on appeal may still insist upon and have a review of the question of territorial jurisdiction.

Reversed and remanded.