**ARMSTRONG v. ALLIANCE TRUST CO., LIMITED, et al.**

**ALLIANCE TRUST CO., LIMITED, v. ARMSTRONG.**

No. 10065.

Circuit Court of Appeals, Fifth Circuit.

Feb. 26, 1942.

---

Chas. F. Engle, of Natchez, Miss., and W. Calvin Wells, III, of Jackson, Miss., for George W. Armstrong.

William C. Keady and H. P. Farish, both of Greenville, Miss., for Alliance Trust Co. and others.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

For the history of this litigation prior to the suits now before us on appeal, see Armstrong v. Alliance Trust Co. et al., 5 Cir., 88 F.2d 449; Alliance Trust Co. et al. v. Armstrong, 185 Miss. 148, 186 So. 633; Armstrong v. Alliance Trust Co., 5 Cir., 112 F.2d 114.

These appeals are from judgments of the district court disposing of two suits consolidated for trial. Each case involves a determinative jurisdictional issue: the first arises in a cause removed from a state court; the second involves a question of federal ancillary jurisdiction. We shall refer to each case according to its docket number in the district court.

No. 63. This suit was filed by Armstrong in the Chancery Court of Adams County, Mississippi, seeking an injunction against the foreclosure of a certain deed of trust, dated the 22d day of December, 1919, given by him to the Alliance Trust Co. to secure an indebtedness for money borrowed. The complainant alleged that he had paid all he owed under the trust deed, and that an accounting would disclose that the defendant, Alliance Trust Co., was indebted to him for usurious interest collected by it on the debt. He further alleged that, notwithstanding the above facts, the Alliance Trust Co. caused an advertisement of his property, given to secure said indebtedness, to be published in a newspaper while a bankruptcy proceeding was pending, being cause No. 9366 on the docket of the United States Circuit Court of Appeals for the Fifth Circuit, 112 F.2d 114; and that said advertisement was so negligently prepared and published as to include property not owned by him, which injured his credit and reputation, and caused him great humiliation and financial embarrassment; for which he claimed damages in the sum of $150,000.

Although the above advertisement was inserted while said bankruptcy petition was pending, it was voluntarily withdrawn; and, before this suit was filed, the bankruptcy court had entirely lost jurisdiction of the debtor and his property.[1] This case was removed to the United States District Court on petition of the defendants therein. There is no diversity of citizenship, and the sole basis relied upon to sustain removal jurisdiction is that a federal question is involved. We look solely to the facts set out in the complaint to determine this issue. The federal question necessary to sustain jurisdiction must be an essential element of the plaintiff's cause of action.

Not every question of federal law emerging in a suit is the basis of the suit. Even an action that takes its origin in the laws of the United States is not necessarily one arising under those laws. It must really and substantially involve a controversy respecting the validity or construction of such laws, and the determination of the cause must depend upon such validity or construction.[2] The removal jurisdiction of the United States District Court in this case is no broader than its original jurisdiction would be if the suit had been instituted there in the beginning.

In Gully v. First National Bank, 299 U.S. 109, pages 113, 114, 57 S.Ct. 96, 98, 81 L.Ed. 70, the court pointed out that the early cases were less exacting than the recent ones in respect to some of the conditions necessary to remove a cause as one arising under the laws of the United States:

---

[1] Armstrong v. Alliance Trust Co., 5 Cir., 112 F.2d 114, 115, wherein petition for rehearing was denied on July 8, 1940. This suit in the state court was not filed until July 15, 1940. 185 Miss. 148, 186 So. 633.

[2] Starin v. New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388, 390; First National Bank v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 64 L.Ed. 690; Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Muse v. Arlington Hotel Co., 168 U.S. 430, 18 S. Ct. 109, 42 L.Ed. 531, wherein the question was whether the plaintiff's ancestor had ever received a grant which under the laws and regulations of the province of Louisiana was valid when it was made. Such inquiry raised no question under a treaty, and was not a federal question.

"If a federal right was pleaded, the question was not always asked whether it was likely to be disputed. * * * Partly under the influence of statutes disclosing a new legislative policy, partly under the influence of more liberal decisions, the probable course of the trial, the real substance of the controversy, has taken on a new significance. * * * Today, even more clearly than in the past, 'the federal nature of the right to be established is decisive—not the source of the authority to establish it.'"

In order to eliminate many trials, the state practice may permit numerous unrelated causes of action between the same parties to be tried together, but such local practice cannot enlarge the removal jurisdiction of the United States district courts on the ground of a federal question. If separate and unrelated non-federal controversies are joined in the same complaint, they should not be removed, or, if removed, should be remanded. Where the federal question is basic, not merely collateral, and where the dispute as to the validity or construction of the federal law is real and substantial, not feigned, the federal courts in exercising their original or removal jurisdiction will decide all issues necessary for decision, whether they be local or federal; but the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct cause of action because it is joined in the same controversy with one involving a federal question.[3]

In order to sustain the jurisdiction of the United States District Court on the ground of a federal question in a case removed thereto from a state court, it is not sufficient for the question to be raised in the answer of the defendant or in the petition for removal. The federal question must clearly appear on the face of the declaration or complaint as an essential and integral part of the plaintiff's statement of his own case, not in anticipation of a defense that may be interposed by an adversary party. A federal question merely incidental or collateral to the main controversy is not the basis of the suit and is not enough to deprive the state court of jurisdiction upon petition for removal by the defendant.

When we apply these principles to the alleged federal immunity from foreclosure that is the origin of the violated right for which damages are sought in one of the tort claims here asserted, we do not find on the face of the complaint the elements of federal removal jurisdiction. The bill of complaint filed by the appellant in the Chancery Court of Adams County contains several distinct claims or causes of action, in only one of which is there any suggestion that a federal question may be raised either by way of a defense or otherwise. It is impossible to tell from the allegations of the complaint what this federal question is other than that it arises under the bankruptcy law.

The allegation that the advertisement for sale under the deed of trust was published while bankruptcy proceedings were pending in the United States Circuit Court of Appeals for the Fifth Circuit, being cause No. 9366 on the docket, 112 F.2d 114, means little or nothing with reference to disclosing a federal question, because neither the Chancery Court of Adams County nor the United States District Court for the Southern District of Mississippi takes judicial notice of the records of said Circuit Court of Appeals; and many questions, remote, frivolous, or otherwise, might be raised under the bankruptcy laws. It would be unreasonable to expect either the Chancery Court or the United States District Court to make its own researches into the mass of records of said bankruptcy proceedings for the purpose of informing itself as to the status of the bankrupt or his property so that it might pick out the federal question on which the plaintiff relied as the basis of his claim.[4]

In ascertaining and declaring the law applicable to any issue before them, this court and the court below take judicial knowledge of the decisions of all courts (state and federal but not foreign) and of the facts that limit each decision; but in ascertaining the facts out of which a federal question arises in a matter of federal removal jurisdiction, the courts, with exceptions not pertinent here, are restricted to a consideration of the well-pleaded facts that appear on the face of the plaintiff's declaration or complaint. So limited, we only know that a federal question relating to bankruptcy may lurk in the background

---

[3] Siler v. L. & N. R. Co., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753; Hurn v. Ousler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Kasch v. Cliett, 5 Cir., 1924, 297 F. 169, 171.

[4] Wigmore on Evidence, 3d Ed., Sec. 2579.

of one of the tort claims pleaded, but the Bankruptcy Act covers a large field, and the complaint does not allege what the question is or any facts that disclose a dispute or controversy as to the effect or construction of said Act as a whole or of any provision thereof.

Among the claims or causes of action embraced in Armstrong's suit in the Chancery Court, with reference to which there is no suggestion of basis or origin in the laws of the United States, are the following: (1) An equitable claim for an accounting, for an injunction, and for cancellation or reformation of the deed of trust because the debt has been paid; (2) an action to recover money illegally collected under the usury laws of the State of Mississippi; (3) an action for damages for breach of contract for failure to release from the deed of trust property therein conveyed that, to the defendant's knowledge, did not belong to the grantor and that the defendants agreed to release therefrom; (4) an action in tort for negligently advertising for sale such property so known not to belong to the grantor and thus holding the plaintiff out to the world as a dishonest person.

If mistaken in his claim that the debt has been paid, plaintiff seeks to offset these claims for damages against what he may owe under the deed of trust. In view of his allegation that the Alliance Trust Company is a non-resident, insolvent, and in liquidation, he may have some rights in the premises that a court of equity would preserve until his unliquidated claims were reduced to judgment. These questions must be determined by the laws of the state, and we express no opinion thereon.

Kalb v. Feuerstein, 308 U.S. 433, 60 S. Ct. 343, 84 L.Ed. 370, is authority for the principle that individual responsibility for such unlawful acts as are here complained of must be decided according to the law of the state. Kalb brought two suits in the state court: one in equity for cancellation of the sheriff's deed and for restoration of possession of his property; the other at law for damages for assault and battery, false imprisonment, and for con-spiracy to deprive him of possession of his property. There was no question of removal jurisdiction. The cases were in the United States Supreme Court on appeal from the Supreme Court of Wisconsin. 231 Wis. 185, 285 N.W. 431. The basis of Kalb's suits was that the filing of the petition in bankruptcy ipso facto stayed the foreclosure proceedings in the state court. There was a federal question in Kalb's case, and, if a similar question had appeared on the face of the complaint in this case, it might have been ground for removal.[5]

In Hanford v. Davies, 163 U.S. 273, page 279, 16 S.Ct. 1051, 1053, 41 L.Ed. 157, after stating that the allegation was too general and indefinite, the court said: "If the purpose was to present a case under the clause of the constitution relating to due process of law, the grounds upon which the federal court could take cognizance of a suit of that character, between citizens of the same state, should have been clearly and distinctly stated in the bill. It is well settled that as the jurisdiction of a circuit court of the United States is limited in the sense that it has no other jurisdiction than that conferred by the constitution and laws of the United States, the presumption is that a cause is without its jurisdiction, unless the contrary affirmatively appears, and that it is not sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings, but the averments should be positive."

In Western Union Telegraph Company v. Ann Arbor Railroad Company, 178 U.S. 239, at page 244, 20 S.Ct. 867, 869, 44 L. Ed. 1052, the court said that: "it must appear on the record, by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States, before jurisdiction can be maintained on this ground. Gold-Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L. Ed. 656; Blackburn v. Portland Gold Min-

5 State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Devine v. Los Angeles, 202 U.S. 313, 334, 26 S.Ct. 652, 50 L.Ed. 1046; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; The Fair v. Kohler Die Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218; People of Puerto Rico v. Russell & Co., 288 U.S. 476, 478, 53 S.Ct. 447, 77 L.Ed. 903; Gay v. Ruff, 292 U.S. 25, 35, 54 S. Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970; Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

ing Co., 175 U.S. 571, 20 S.Ct. 222, 44 L. Ed. 276."

■ No. 77. Ancillary jurisdiction in this case is predicated upon a former decree of the court below in the case of Armstrong v. Alliance Trust Co. et al., being cause No. 170 in equity. See Id., 5 Cir., 88 F.2d 449. So far as the judgment appealed from was predicated upon the power of the district court to stay proceedings in a state court simply because the claim in controversy had previously been adjudicated in a federal court, it is only necessary to refer to the recent case of Toucey v. New York Life Insurance Co., 62 S.Ct. 139, 86 L.Ed. ——, which held that, under Section 265 of the Judicial Code, 28 U.S.C.A. § 379, the federal courts may not use their injunctive powers to save defendants in state court proceedings the inconvenience of pleading and proving res judicata. That decision is binding upon us, and it is entirely unnecessary for us to add anything to the opinion of the court on the subject therein discussed.

■ In their complaint in this suit the appellees also sought to enjoin the proceedings in cause No. 63 in the Chancery Court of Adams County, Mississippi, on the ground that the cause had been removed to the United States District Court for the proper district. The basis of such injunctive relief was to uphold the removal jurisdiction of the court below. This is one of the recognized exceptions to the prohibitory provisions of said Section 265, and the decision in the Toucey case did not disturb the foundation upon which it rests, viz., that the Removal Acts have pro tanto amended the act of 1793, and therefore Section 265 is inapplicable to removal proceedings. This auxiliary jurisdiction is dependent upon the removal jurisdiction, and when the latter fails the former fails with it.[6]

For the reasons above stated, the judgments appealed from are reversed in all respects, both on direct and cross appeal, and the causes are remanded to the district court with instructions (1) to remand No. 63 in its entirety to the Chancery Court of Adams County, Mississippi, and (2) to dismiss No. 77 for want of jurisdiction. The entire costs of both appeals are assessed against the appellees.

[6] Cf. Brooks v. Laurent, 5 Cir., 98 F. 647, 652.