MILLER et al. v. BROWN SHIP-BUILDING CO.

Civil Action No. 2553.

District Court, S. D. Texas, Houston Division.

May 2, 1947.

Combs & Dixie and Burris, Benton & Baker, all of Houston, Tex. (Eugene N. Catlett, of Houston, Tex., of counsel), for plaintiffs.

Vinson, Elkins, Weems & Francis, of Houston, Tex., and Powell, Wirtz, Rauhut & Gideon, of Austin, Tex. (A. J. Wirtz and Ben H. Powell, Jr., both of Austin, Tex., of counsel), for defendant.

KENNERLY, District Judge.

Plaintiffs, William Paul Miller and La-Salle Bryant, citizens of Texas, who sue for themselves and approximately · 800 other persons who are said to be similarly situated and who are citizens of Texas, bring this suit against the *Brown Ship-building Company, Inc.,* alleged to be a *corporation* organized and incorporated under the Laws of some State other than Texas. The *corporation,* if there be such, does not appear but the Brown Shipbuilding Company, a *partnership* composed of Herman Brown and George R. Brown, alleged to be citizens of Texas, appears and moves to dismiss on the ground that this Court is without jurisdiction. In the briefs on the motion, plaintiffs abandon any claim of diversity of citizenship between Plaintiffs and Defendant, and the matter is treated, and will be treated here, as a suit by citizens of Texas against the *partnership* and the partners known as Brown Shipbuilding Company, also citizens of Texas.

Plaintiffs allege that they are negroes formerly employed by defendant in building and repairing ships which defendant had contracted to build, outfit, and repair for the United States Government, and/or its Agencies, under contracts in writing, and plaintiffs with respect to such contracts say (italics mine):

"Plaintiffs allege that defendant contracted in writing with such agencies of the government of the United States *not to discriminate against any employee because of race, creed, color or national origin in regard to tenure, terms or conditions of employment.*"

Plaintiffs also say:

"Plaintiffs allege that they were in fact discriminated against and were paid less than the prevailing wage for the class of work performed by them notwithstanding the provision aforesaid, and were all paid as common labor although they performed skilled and semi-skilled work of higher classification.

"Plaintiffs allege that although they were classified and paid at all times as common laborers, they in fact performed duties as sandblasters, sander's helpers, buffers, carpenter shop helpers, welder's helpers, timekeeper assistants, material checkers, tank cleaners, tool department clerks, sheering machine operators, etc., which are skilled or semi-skilled work, and for which other employees received higher wages."

Plaintiffs seek to recover wages at the rate paid skilled labor.

Plaintiffs' complaint, which must be looked to for allegations of jurisdiction, says:

"The jurisdiction of this Court arises by virtue of a federal question being presented under Executive Order 9346, signed May 27, 1943, and Executive Order 8802, signed June 25, 1941, as amended by Executive Order 8823, signed July 18, 1941, and Executive Order 9111, signed March 25, 1942, and Executive Order 9001, signed December 27, 1941 [50 U.S.C.A.Appendix,

§ 611 note], all issued by the President of the United States; 50 U.S.C.A. Sec., Appendix, § 301, et seq, being also known as the First War Powers Act, 1941, 50 U.S.C.A. § 301, et seq., the Second War Powers Act, 1942.

"The amounts in controversy exceed $3,000.00."

1. An examination of the First War Powers Act of 1941, 50 U.S.C.A.Appendix, § 601 et seq., the Second War Powers Act of 1942, 50 U.S.C.A.Appendix, § 631 et seq., and the Executive Orders upon which plaintiffs stand, and the various provisions of the Code and Acts of Congress prescribing the jurisdiction of this Court, convinces me that this Court is without jurisdiction of plaintiffs' suit.

I think that when we look to plaintiffs' complaint, filed February 26, 1947, there is neither a "Federal question presented" nor does the matter in controversy between each plaintiff and the defendant exceed the sum or value of $3000 and arise under the Constitution or laws of the United States, etc. I think none of the cases cited by plaintiffs[1] call for discussion, unless it be the case of Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 323 U. S. 210, 65 S.Ct. 235, 89 L.Ed. 187. The opinion in that case makes it clear that the rights of Tunstall are based upon the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and there is no such or similar basis here. The defendant cites many cases,[2] but I think that the controlling principles with respect to jurisdiction is found in the words of Justice Cardozo in Gully v. First National Bank, 299 U.S. at page 117, 57 S.Ct. at page 100, 81 L.Ed. 70. I quote:

"This Court has had occasion to point out how futile is the attempt to define a 'cause of action' without reference to the context. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67, 68, 53 S.Ct. 278, 280, 77 L.Ed. 619. To define broadly and in the abstract 'a case arising under the Constitution or laws of the United States' has hazards of a kindred order. What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of problems of causation. One could carry the search for causes backward, almost without end. Bird v. St. Paul Fire & Marine Insurance Co., 224 N.Y. 47, 51, 120 N.E. 86, 13 A.L. R. 875; Leyland Shipping Co. v. Norwich Fire Insurance Society [1918] A.C. 350, 369; Aetna Insurance Co. v. Boon, 95 U. S. 117, 130, 24 L.Ed. 395; Milwaukee & St. Paul Ry. Co. v. Kellogg, 94 U.S. 469, 474, 24 L.Ed. 256. Instead, there has been a selective process which picks the substantial causes out of the web and lays the other ones aside. As in problems of causation, so here in the search for the underlying law. If we follow the ascent far enough, countless claims of right can be discovered to have their source or their operative limits in the provisions of a federal statute or in the Constitution itself with its circumambient restrictions upon legislative power. To set bounds to the pursuit, the courts have formulated the distinction between controversies that are basic and those that are collateral; between

---

[1] Chicago Great Western Railway Co. v. Kendall, 266 U.S. 94, 45 S.Ct. 55, 69 L.Ed. 183; Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, etc., 323 U.S. 210, 64 S.Ct. 235, 89 L.Ed. 187; Steele v. Louisville & N. R. Co., 323 U. S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Armstrong v. Alliance Trust Company, Ltd., et al., 5 Cir., 126 F.2d 164; Roloff v. Perdue, D. C., 33 F.Supp. 513; Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577; Columbus Railway, Power & Light Co. v. Columbus, D.C., 253 F. 499, 509, affirmed 249 U.S. 399, 39 S.Ct. 349, 63 L. Ed. 669, 6 A.L.R. 1648.

[2] Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L. Ed. 70; California Water Service Co. et al. v. City of Redding et al., 304 U. S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Burke v. Union Pacific Railroad Co., 10 Cir., 129 F.2d 844; Zalkind v. Scheinman, 2 Cir., 139 F.2d 895, 903; City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47; Hendron et al. v. Yount-Lee Oil Co. et al., 5 Cir., 108 F.2d 759; Williams et al. v. Tooke et al., 5 Cir., 108 F.2d 758; Armstrong v. Alliance Trust Co., Ltd., et al., 5 Cir., 126 F.2d 164; Cogswell v. Board of Levee Com'rs of Orleans Levee Dist. et al., 5 Cir., 142 F.2d 750; Rosecrans v. William S. Lozier, Inc., 8 Cir., 142 F.2d 118.

disputes that are necessary and those that are merely possible. We shall be lost in a maze if we put that compass by."

From what has been said, it follows that plaintiffs' suit should be dismissed for want of jurisdiction, and it will be so ordered.