DRANE *et al. v.* WAX LUMBER Co. *et al.*

(In Banc. April 26, 1948.)

[35 So. (2d) 63. No. 36690.]

**Brandon, Brandon, Hornsby & Handy,** of Natchez, for appellants.

890

892

Clay B Tucker, of Woodville, for appellees.

Argued orally by **Gerard Brandon**, for appellant, and by **Clay B. Tucker**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The controlling issue for decision on this interlocutory appeal is whether or not the grantee in the timber deed involved herein obtained a one or two year period of extension beyond the primary period of three years originally contracted for when such grantee paid the sum of $400 to the grantors prior to the expiration of the primary period as a consideration for such extension.

The suit is one for the recovery of the value of the timber cut on the land in question after the expiration of four years, and the value of timber alleged to have been cut on other lands nearby not embraced in the timber deed and also the value of timber alleged to have been cut of less dimensions than provided for in the deed of conveyance.

The trial court found that under both the timber deed and a notation contained in the face of the $400 check the grantee obtained an extension of two years within which to cut and remove the timber instead of the one year contended for by the grantors; and therefore to save expense and delay incident to the taking of proof as to the value of the timber involved, and as to the damages claimed incident to the timber removal, this appeal was granted in order that we might first review its conclusion as to the period of such extension.

The timber deed was executed by, or on behalf of, the appellants on December 11, 1939, for a consideration of $4,000, all of which was paid within six months thereafter. As hereinbefore mentioned, the primary term for cutting and removing the timber was a period of three years, and the deed contained this additional provision:

"It is further agreed and understood that should Wax Lumber Company Inc. fail to remove the said timber within the said three years herein limited, it shall be granted an additional period of not more than two years thereafter provided it pay in advance the sum of Four

Hundred Dollars, the first of such payments for additional time to be made on or before the 1st day of January 1943, and the second, if the additional year is desired, on or before January 1, 1944.''

It is to be noted that if the word ''annually'' had been inserted after the words ''Four Hundred Dollars'' it would be readily apparent that the contention of the grantors that they would receive $800 if an extension of more than one year was desired would be well taken. On the other hand, if there had appeared after the words ''Four Hundred Dollars'' the words divided into two equal payments', there could be no doubt of the correctness of the contention of the grantee that it was to pay only $400 for ''an additional period of not more than two years thereafter provided he pay in advance the sum of Four Hundred Dollars.''

The grantors were permitted to testify without objection that aside from the wording of the foregoing provision for the extension, it was understood between the parties that the grantors were to get $400 for each additional year. And it is the contention of the grantors that this oral testimony did not vary, alter or contradict the terms of the timber deed. Thereupon Mr. Wax testified that it was mutually understood and agreed that the $400 provided for was to be payable in two installments of $200 each.

We are of the opinion that since that part of the quoted paragraph relating to the extension of time, and which reads ''it shall be granted an additional period of not more than two years thereafter provided it pay in advance the sum of Four Hundred Dollars,'' is the dominant portion of the said provision and the remaining part thereof may be secondary as an explanation of how the $400 should be paid, the provision in question is somewhat ambiguous. This brings us to the consideration as to how the provision for an extension of time may have been construed by the subsequent acts and conduct of the parties.

On December 8, 1942, a check in the sum of $400 signed by the Wax Lumber Company, payable to the grantors H. B. Drane and others, and which was sent to the payees through the mail, contained a typewritten notation on the face thereof to the effect that "Endorsement is a receipt in full for the account as noted below." Then follows the words "Extension time remove timber to 12-11-44, Deerfield Plantation containing 1584 acres, more or less, Lots 1, 2, 3 and 4 Section 57 containing 177 acres, more or less, Township 5 North, Range 1 West."

This check was endorsed in due time by all of the grantors without objection to the notation contained thereon showing that the amount paid was for an extension "to 12-11-44," or for a period of two additional years.

If the grantors had objected to this notation after receiving the check, the grantee could have removed the timber during the year 1943. A substantial consideration had been paid for it, and the grantors should have known that it was unreasonable to suppose that the grantee was letting the year 1943 pass without making any effort to cut and remove the timber except upon the theory that the grantors had acquiesced in the grantee's interpretation of the contract to the effect that the $400 covered a two year extension as stated in the face of the check therefor.

It is not claimed that the grantors were induced not to read the typewritten notation in the face of the check, or that any representation by letter or otherwise was made by the grantee to mislead them.

Therefore we are of the opinion that the plea of accord and satisfaction was properly sustained whether the amount involved was liquidated or unliquidated, under the holding in the cases of Koenig v. Calcote et ux., 199 Miss. 435, 25 So. (2d) 763; McCubbins v. Morgan et al., 199 Miss. 153, 23 So. (2d) 926, 927; Continental Jewelry Co. v. Joseph, 140 Miss. 582, 105 So. 639; Gunter v. Henderson Molpus Co., 149 Miss. 603, 115 So. 720; Fornea

v. Goodyear Yellow Pine Co., 181 Miss. 50, 178 So. 914; Alliance Trust Co. v. Armstrong, 185 Miss. 148, 186 So. 633. The case must, therefore be affirmed and remanded in order that proof may be taken, if desired, on the issue as to whether or not the grantee or its successors in title, cut and removed any timber from lands other than those described in the timber deed, or any timber on said land of less dimension than that provided for, or both, and the amount and value thereof, and as to any other damages incident thereto.

It seems that the timber in question was cut and removed by the Wax Lumber Company, a copartnership composed of former stockholders of the grantee Wax Lumber Company, Inc., after the said corporation had been dissolved during the year 1941—a fact unknown to the grantors at the time they cashed the check given by the copartnership of Wax Lumber Company. It is contended, therefore, by the grantors that the copartnership of Wax Lumber Company had no right to cut and remove said timber since the deed was not in favor of the Wax Lumber Company, Inc., its successors or assigns. But in answer to this contention, we are of the opinion that since the timber was conveyed to the corporation by warranty deed, there was conveyed the right under the five common law covenants of warranty for the corporation to sell the timber or to otherwise dispose of the same in its liquidation. The liquidator conveyed the timber pursuant to a resolution of the corporation to the said copartnership.

Affirmed and remanded.