McMILLIN, C.J,
Dissenting:
¶ 24. I dissent. The appellees, Johnson and Mississippi Valley Gas, affirmatively alleged that Whitehead had, for a valuable consideration, executed a release of any claims “growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damages” occasioned by the vehicular accident. Whitehead admits that she executed the release that, on its face, was declared to be a “compromise of a doubtful and disputed claim....” That release is an absolute bar to this action.
¶ 25. Whitehead seeks to avoid the consequences of the release by alleging that “she was given a release to sign with the explanation that it was to take care of the property damage only....” She follows that factual allegation with a charge that “the Release was procured by fraud and/or misrepresentation.... ”
¶ 26. As the trial court stated in its ruling, a charge of fraud may not be advanced by such conclusory pleadings. Rather, the Mississippi Rules of Civil Procedure require that “the circumstances constituting fraud ... shall be stated with particularity.” M.R.C.P. 9(b). The only evidence supporting a claim that Whitehead was fraudulently induced into signing *325 the release is her own affidavit, which alleges that, at some unspecified time, “Mrs. Grant assured me on the telephone that the release was for the property damage only, and not for my personal injuries.” Whitehead follows that with an allegation that “[on] August 30, 1995, I was given a release to sign with the explanation that it was to take care of the property damage only ... and that it was customary to sign such a release.”
¶ 27. There is no assertion that Whitehead was tricked into not reading the release before she signed it or was otherwise prevented from doing so. It is one of the fundamental precepts of the law in this State that one may not avoid the consequences of entering into a written contract by the simple act of denying having read the instrument. Godfrey, et al. v. Huntington Lumber, 584 So.2d 1254, 1257 (Miss.1991); Alliance Trust Co. v. Armstrong, 185 Miss. 148, 186 So. 633, 635 (1939). It is likewise a basic tenet of the law of fraud that any reliance on an alleged fraudulent statement must be reasonable or justifiable. Allen v. Mac Tools, 671 So.2d 636, 643 (Miss.1996); Fornea v. Goodyear Yellow Pine Co., 181 Miss. 50, 178 So. 914, 918 (1938). The law as to reliance is the same for a claim based on negligent misrepresentation. Berkline Corp. v. Bank of Mississippi, 453 So.2d 699, 702 (Miss.1984).
¶ 28. In this case, the language of the release was clear. A cursory reading of the instrument would have fully informed Whitehead of its contents and its purpose. Any reliance by Whitehead upon telephonic representations that the release meant something other than what it plainly stated on its face would be patently unreasonable and, thus, not ground to set aside the duly-executed release based on an allegation of fraud or misrepresentation. As the Mississippi Supreme Court said in the Huntington Lumber case:
Finally, a person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.
Godfrey, et al. v. Huntington Lumber, 584 So.2d at 1257. There is nothing in Whitehead’s material opposing summary judgment that would suggest any basis to take this case out of the “general rule” announced in Huntington Lumber. The rule bars Whitehead’s attempt to avoid the consequences of the duly-executed release even if the underlying facts are conceded to be exactly as she contends. In that circumstance, summary judgment is entirely appropriate and I would, therefore, affirm the trial court’s decision.
SOUTHWICK, P.J., joins this separate written opinion.