Caulk v. Burt.

[73 South. 618, Division B.]

1. WILLS. *Probate. Custodian. Duty to produce.*

A party having the possession of a will after the death of the testator is a trustee only to the extent that he is the custodian of the will and his duty only extends to producing the will and having it probated.

2. DEEDS. *Incapacity. Negligence.*

Where a devisee under a will which was in the custody of another party, saw such will and had full opportunity to familiarize himself with its contents, but failed to read the will through, before deeding to the party having the custody of the will, his interest under the will, and such devisee at the time of making such deed was not drunk or incapable of transacting business, he could not complain of his own negligence in not learning of his interest under the will to set aside and cancel his deed.

3. DEEDS. *Drunkenness of Grantor. · Evidence.*

Under the facts set out in the opinion, the court held in this case that the evidence was not sufficient to show that complainant was drunk when he executed the deed to his interest as devisee under the will.

APPEAL from the chancery court of Bolivar county. HON. JOE MAY, Chancellor.

Bill by S. V. Caulk against James A. Burt. From a judgment for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*Tim E. Cooper, B. J. Semmes,* and *A. D. Somerville,* for appellant.

*Fontaine Jones* and *Green & Green,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellant filed a bill in the chancery court of the first district of Bolivar county against James A. Burt to set aside a deed made by the appellant to James A. Burt of his entire interest in the estate of Mary E. Snipes. The bill alleges that on or about the 18th day of July, 1913, Mary E. Snipes died testate, leaving certain lands in Bolivar county which are set forth and described in the bill, and that he was the sole heir at law of Mary E. Snipes and inherited all property not disposed of in the will which is set out at length in the bill, and that in the will she also left him a pension of twenty-five dollars per month during his natural life

to be charged upon property described in the will; that said will was in the custody of Burt at the time of the deed, but since had been probated, and that Burt fraudulently and falsely represented to the complainant that all that he would receive under the will was a pension of twenty-five dollars per month and that he offered to pay two thousand dollars for the interest of the complainant in said estate, both real and personal, and to pay all said amount in cash if complainant would discount same two and a half per cent.; and that complainant, relying upon said representations, and being ignorant of his rights and of the contents of said will, except that he was to receive twenty-five dollars per month during his life, accepted the proposition. He alleges further: That for a long number of years complainant had been an habitual user of intoxicants and habitually drunk, and that his passion for strong drink was entirely beyond his control, and had been for many years, and that by reason of the excesses that his mental faculties and perception had been greatly impaired and his power of discretion practically passed away, and that while under the influence of liquor he had absolutely no business discretion and no control over himself and no power to resist money with which to procure further drinks; and that these facts were well known to the defendant. That, after the death of Mary E. Snipes, the complainant being without funds with which to go to Mississippi, Burt loaned him a small amount of money to defray his expenses to Rosedale, Miss., which was the domicile of the estate of Mary E. Snipes. That, while the complainant was in Rosedale on said trip without funds except as loaned by Burt and without any one to advise him as to his rights in the premises, the complainant secured lodging at a hotel, and while there partook of whisky and became intoxicated, and that while he continued in Rosedale he continued to drink and remain under the influence of liquor, and that during the time he was incapable of exercising

business sagacity the defendant made the trade and procured the deed to the property. That the property deeded was worth more than thirteen thousand dollars, but that the price received for it was one thousand, nine hundred fifty dollars, which he tenders back to the defendant with his bill.

The will contained, among other things, a provision willing the Lovinggood place to Mrs. N. M. Rice and Mrs. J. J. Booker and making a disposition of the personal property to Josie Burt, Annie Booker, and Mary Rice, charged with certain legacies and funeral expenses. The deed contains a description of the property and conveys all right, title, and interest in the estate of Mary E. Snipes, deceased, including real, personal, and mixed property, accounts, and choses in action. There is proof in the record that Caulk, the complainant, was addicted to the use of intoxicating liquors, and when drinking was imprudent and careless of money matters; and proof that he had no business capacity at such times. The complainant testifies that, when he went to Rosedale to see about the estate, the defendant showed him the will, but that he did not read the entire will and only read the part giving him twenty-five dollars per month, and that when he signed the deed he thought he was only signing away his right to the twenty-five dollars per month and not signing away anything else. Burt, the defendant, testifies that complainant read the will over two or three times, and that he did understand what he was conveying, and that his reason for accepting less than the value of the property was that the will conveyed certain property to Mrs. Rice and Mrs. Booker, and that this property had been sold and the proceeds invested in other property, and that Mrs. Rice and Mrs. Booker would claim this property purchased with the proceeds of the Lovinggood place as their property, and that Rice would lawsuit him as long as he lived about the property, and that he would never get any benefit from

it as he was then sixty-nine years of age. The testimony shows that the property was worth from eight thousand dollars to ten thousand dollars after the incumbrances would be paid off. D. Reinach, who, so far as the record shows is disinterested in this suit, corroborated Burt's testimony as to what took place, and that the complainant had full knowledge of the contents of the will, having read it at least three times, and testifies to various conversations and statements showing that the complainant knew what he was doing, and testifies that he was not drunk and was not drinking so far as he could tell. Fontaine Jones, an attorney of Rosedale, also testified that he drew the deed for the parties, and that complainant was at his place several times during his stay in Rosedale and discussed the sale after the deed was signed, expressing himself as being satisfied with the trade made, and that Caulk said that, while the property was sold much below its actual value, he thought it was a good bargain, because he was old and there would be litigation over it which would deprive him of getting any value from the estate other than the twenty-five dollars. There were others who testified to seeing the complainant in Rosedale during this period of time who testified that he was not drunk or under the influence of liquor so far as they could tell. The decree below was for the defendant, the chancellor dismissing the bill and denying relief.

It is insisted in the argument here that Burt was a trustee, and that, being a trustee and the property having been sold for much less than its real value, the decree below was error. Burt was the trustee only to the extent that he was the custodian of the will in question, and his duty only extended to producing the will and having it probated. He was under no other obligation to the appellant in this case, and the proof shows that he did produce the will, and, while the will had not been probated at said time, still the complainant was permitted to read the will and learn its provisions. It does not

appear that the complainant desired to take a copy of the will, or that he requested that it be probated, nor that he requested the privilege of taking the will to take legal advice as to his rights. If the will was produced and he had an opportunity of familiarizing himself with its terms and failed to read the will through before making a deed, and if at the time he was not drunk or incapable of transacting business, he cannot complain of his own negligence in the matter. Witnesses for the complainant testify that when he is not drunk he had good business capacity, but when he was drunk that he had no business capacity. The weight of evidence in this record shows that he was not drunk at the time of this transaction. The complainant is contradicted by several parties as to his condition during this time, and the chancellor, who had all the facts before him, was better able to judge of the veracity and credibility of the witnesses than we are, because he was familiar with the parties and the surroundings, and we are unable to say that the chancellor was manifestly wrong; and the judgment is, accordingly, affirmed.

*Affirmed.*