## CAULK v. BURT.

[75 South. 369—73 South. 618, In Banc.]

DEEDS. *Cancellation. Inequitable advantage of grantee.*
Where an aged inebriate, a pensioner on the charities of the public and threatened with the loss of his annuity, was induced by a shrewd business man, the self appointed custodian of two wills under which property was devised to such inebriate, to deed him the property so devised him, for a grossly inadequate consideration, in such case the court will cancel such deed on the ground that an inequitable advantage was taken of the grantor.

APPEAL from the chancery court of Bolivar county. HON. JOE MAY, Chancellor.

On suggestion of error. For former opinion see 112 Miss. 660.

*Tim E. Cooper, B. J. Semmes* and *Somerville & Somerville,* for appellant.

*Fontaine Jones,* and *Green & Green,* for appellee.

COOK, P. J., delivered the opinion of the court.

This case was affirmed by Division B. of this court some time since, and the opinion then rendered may be found reported in 73 So. 618. It is again before the court upon suggestion of error, and there being a division of opinion between the judges, the case is now considered by the court as a whole. A careful consideration of the record has convinced a majority of. the court that Division B erred in its former disposition of this appeal.

The record discloses that appellant was an aged inebriate, a pensioner upon the State, and that, by the conveyance he seeks to have canceled, he conveyed to appellee his entire patrimony for a grossly inadequate consideration. The appellee, on the other hand, was a much younger man, and had a decided advantage of appellant.

Two wills figured in the trade, one of which appellant never saw, and both of which were in the possession of appellee. We do not think it is important whether or not appellee was a trustee of the two wills. He was, without question, the custodian of the wills; he had employed lawyers, and he knew exactly what he wanted, and in the end obtained the property at a grossly inadequate price. While it is said that appellant also took legal advice before he executed the conveyances, we believe that the record shows that he did not.

On the side of the appellant in this case, we find an aged inebriate, a pensioner on the charities of the public, threatened with the loss of his annuity, followed by a consequent drouth. On the other side, we see a shrewd business man, in the possession of all his faculties, also the self-elected custodian of the two wills so important to appellant, and fortified by expert advice—in a word, appellee had the whip hand and used it. It is quite clear that Burt was the mental superior of Caulk; that he had every advantage and

exact knowledge of the true state of affairs, and taking the record as a whole there can be no doubt that Caulk was in no condition to take care of himself. The gross inadequacy of consideration alone might not justify a cancellation of the conveyances, but this in connection with Caulk's forlorn situation—his pauperism, his age, and his thirst for alcoholic stimulants—convinces us that Burt has gained an inequitable advantage, not to be approved by courts of justice.

*Reversed and remanded.*

ETHRIDGE, J. (dissenting). I think the facts stated in the former opinion (73 So. 618) are as strongly stated in favor of the appellant as they can be on this record. It was Caulk's theory in the court below that he was drunk at the time he signed the deed, and there is no pretense on his part here, in the record, that he did not have full capacity to attend to business when not drunk. On the contrary, his own proof shows that he was thoroughly competent to take care of himself in a business transaction when he was not under the influence of intoxicating liquor. His evidence as to his being intoxicated is contradicted by about five witnesses. His evidence as to his failure to read the will before making the conveyance is contradicted by three witnesses. The chancellor had a right to find on the conflicting testimony, and he ought to be better able to determine questions of veracity and credibility than we are, because he is familiar with the local conditions, character of witnesses, etc. There is nothing in the record that can be fairly construed to show, as I see it, that Burt was seeking to buy this property from Caulk, or that he practiced any fraud or deception upon him, but it is shown that Caulk first approached Burt for the sale of this property, stating his price. Burt told him the price was reasonable but he did not care to buy it. Caulk persisted in making the sale, and if the

witnesses testifying against him are to be believed, he was competent to know what he was doing, and expressed himself as satisfied with the bargain made after its consummation, though he stated that he knew it was much less than property was worth, but that he was old and the other legatees would litigate him as long as he lived, and he would not get anything out of it unless he made this sale. I think it is clearly an invasion of the chancellor's function of deciding conflicting testimony to overturn his decision, but if the matter was before us originally, and not as an appellate court, it seems to me that we should find as the chancellor did on this testimony.