PIPES, et al. *v.* WEBB.

No. 41133          May 4, 1959          111 So. 2d 641

*Wm. F. Riley, W. A. Geisenberger,* Natchez, for appellants.

*Berger, Callon & Zuccaro, J. H. Keyer,* Natchez, for appellee.

GILLESPIE, J.

Adline Pipes and the other appellants are the heirs of Mary V. Ireland who died July 19, 1956. Appellants filed their bill in chancery, seeking to set aside and cancel as a cloud on their title a certain deed executed by Mary V. Ireland to the appellee, Aubrey Webb, dated December 29, 1942, conveying to the latter certain real estate situated in the City of Natchez, and in which deed

Mary V. Ireland reserved a life estate. The grounds for cancelling the deed, as charged in the bill and an amendment thereto, were (1) mental incapacity of Mary V. Ireland at the time the deed was executed, (2) undue influence, (3) the existence of a confidential relationship between Mary V. Ireland and Aubrey Webb, the latter being the dominant party, (4) lack of consideration, and, alternatively, (5) the existence of a confidential relationship between George Stevens, father-in-law of appellee Webb, and the exercising of undue influence on Mary V. Ireland by the said Stevens, with the knowledge, consent and connivance of appellee Webb.

The case was heard on bill and answer and proof, and the lower court denied the relief sought and dismissed the bill. Complainants appeal.

■■ ■ There was no proof sufficient to require discussion of grounds 2, 3, and 5 stated above. There was a conflict in the evidence on ground 1, but the evidence for appellee is ample to support the chancellor's finding that Mary V. Ireland was of sound mind at the time the deed was executed. Only one witness testified as to the mental condition of Mary V. Ireland at the very time the deed was executed. That was the testimony of the lawyer that Mary V. Ireland called to prepare the deed and he was of the opinion that she was perfectly normal at the time the deed was executed. ■■ ■ The Chancellor's finding on this question would have been justified without the lawyer's testimony under the authority of Lambert v. Powell, 199 Miss. 397, 24 So. 2d 773.

On December 29, 1942, the date of the deed, Mary V. Ireland was about 69 years old. She had no husband, children, or descendants of children. Her brother and sister lived elsewhere. She owned the home where she lived and several rent houses which were in a dilapidated condition. She was in bad financial condition and had no income except her rents and $15.00 a year divi-

dends, her total income being less than $300 per year. The father and mother of appellee lived nearby and were life-long friends of Mary V. Ireland. Appellee had known Mary all his life and had run errands for her when called upon to do so. He and his brothers, as well as other friends, had run errands for her since they were children. While there is testimony that Mary V. Ireland was on friendly terms with her sister and other kin, the proof shows without dispute that she told the lawyer who prepared the deed in question that she did not want her people to have anything to do with her property because they had not helped her when she called upon them; that she wanted appellee to have the property. The deed was prepared at the home of appellee's mother and father after Mary had consulted with a lawyer of her choice, and had been advised by him the difference between a will and a deed reserving a life estate. Appellee had not discussed the matter with Mary before she made the deed, nor at the time it was made. He paid Mary $10.00, the stated consideration for the conveyance. After the conveyance appellee or his family paid the taxes and insurance on the subject property. Appellee made certain repairs and installations on the property after the deed and before Mary's death in order to keep renters in the houses. Mary got all the rents until she died.

The question arises whether the nominal consideration of $10.00, coupled with the circumstances of the parties and the facts attending the execution of the deed, requires a cancellation of the deed. Appellants cite and rely on Caulk v. Burt, 112 Miss. 660, 73 So. 618, Puryear v. Austin, 205 Miss. 590, 39 So. 2d 257, and other authorities. We do not find these authorities applicable to the present case because of the different factual situations. We cannot say on this record and the findings of the chancellor that inadequacy of the consideration under the circumstances requires a can-

cellation of the deed. See 26 C. J. S., Deeds, Section 60, page 754.

■■ ■ In Burnett v. Smith, 93 Miss. 566, 47 So. 117, this Court said: "A man of sound mind may execute a will or a deed from any sort of motive satisfactory to him, whether that motive be love, affection, gratitude, partiality, prejudice, or even a whim or caprice." This rule was reaffirmed in Moor v. Parks, 122 Miss. 301, 84 So. 230, Gathings v. Howard, 122 Miss. 355, 84 So. 240, Campbell v. State Highway Commission, 212 Miss. 437, 54 So. 2d 654, and Ross v. Biggs, 206 Miss. 542, 40 So. 2d 293.

■■ ■ In cases involving fraud, duress, or undue influence, it is proper for the court to consider the inadequacy of consideration. ■■ ■ In this case, undue influence was charged, as already stated, but it was not proven. The trial court having found on adequate proof that Mary V. Ireland was of sound mind at the time of the execution of the instrument, and that she executed the same voluntarily and of her own free will after having the benefit of competent, capable, and independent counsel, the court may not inquire into the wisdom or folly of her act.

■■ ■ In the bill of complaint, complainants charged total lack of consideration for the conveyance. In his answer defendent denied that there was any total lack of consideration. On the date the case came on for trial, appellants brought up for consideration a motion for a bill of particulars which had been filed some three weeks prior thereto. In the motion for bill of particulars, the complainants demanded that defendant be required to specify and particularly state the amount of the consideration, of what it consisted, and if paid, how paid, and when paid. The court denied the motion, whereupon appellants put the appellee on the stand and questioned him as an adverse witness. They say they did this because they had to get the facts on the consideration which

were refused them by the court when it failed to sustain the motion for a bill of particulars. This action of the trial court is assigned as error and it is argued that appellants were in effect forced to put the appellee on the stand and lose the advantage they had of objecting to his testimony under Section 1690 of the Code of 1942. Appellants concede that this matter was one for the discretion of the chancellor, but say that the chancellor abused his discretion. We do not find that there is any ground for holding that the chancellor abused his discretion. Appellee made no affirmative allegation in reference to the consideration. He merely denied what was charged in the bill. We hold that the chancellor did not abuse his discretion in overruling the motion for a bill of particulars. We are also of the opinion that even if the motion had been granted and appellee had not taken the stand, the chancellor would have reached the same results in this case.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.