**Dorothy May Flood LOWE et al.,**
**Plaintiffs,**

**v.**

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 1155.**

United States District Court
N. D. Mississippi, E. D.

June 1, 1960.

Carter & Van Every, Columbus, Miss., for plaintiff Lowe.

**190**

Thomas R. Ethridge, U. S. Atty., Oxford, Miss., for defendant United States.

CLAYTON, District Judge.

█ Complaint was filed against the United States by the heirs of James Flood under the provisions of Section 1346(b), Title 28, United States Code, alleging that during his lifetime James Flood was employed at the Non-Commissioned Officers Open Mess at Columbus Air Force Base and that while so employed he was injured by reason of negligence on the part of this organization and that such injury caused his death on July 30, 1957. Against this complaint the United States filed a motion to dismiss, but since the defendant and plaintiff have both submitted matters outside the pleadings, this motion, under the provisions of Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., is treated as a motion for summary judgment.

1) It appears without contradiction that this Non-Commissioned Officers Open Mess was a non-appropriated fund instrumentality such as is described in the Act of June 19, 1952, (66 Stat. 138) 5 U.S.C.A. §§ 150k and 150k-l, and that James Flood was an employee of this instrumentality when he was injured by reason of lifting and carrying as a part of his work. It also appears that before this injury James Flood had a hernia because of which he wore a truss. After the aforementioned injury, this hernia became strangulated and James Flood died from complications arising therefrom.

2) It is without contradiction that this Non-Commissioned Officers Open Mess had in effect a workmen's compensation insurance policy which conformed to the laws of the State of Mississippi. After the death of James Flood, the plaintiffs in this cause filed their claim against this employer and its workmen's compensation insurance carrier, claiming the death benefits provided by the Workmen's Compensation Laws of Mississippi. This claim was fully adjudicated and recovery was finally denied. See Dependents of Flood v. NCO Open Mess, Columbus Air

Force Base, and Western Casualty and Surety Company, Miss., 118 So.2d 294, 295. The disposition of this claim was on its merits, with no question of jurisdiction either of the Workmen's Compensation Commission or of the Courts of the State of Mississippi being raised or considered. The denial of this claim was predicated upon clear provisions with respect to hernia claims. In passing on this claim, the Supreme Court of Mississippi, inter alia, said

"The record shows without dispute that there had been a previous descent or protrusion of the hernia before the accident in question. Hence appellants were unable to establish the fact of no prior descent or protrusion of the hernia before the accident. *This negative is a statutory prerequisite to recovery for hernia claims.*" (Emphasis added.)

█ 3) It is to be noted that the Tort Claims Act, heretofore cited, upon which the complaint is based, provides that recovery can be had only " * * * under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred". Having made claim for the death benefits provided under the Workmen's Compensation Laws of Mississippi, the plaintiffs in this cause, under Mississippi law, have no maintainable claim which they could assert against the employer of James Flood and hence no claim against the United States since any such claim would be based solely upon respondeat superior. See Granquist v. Crystal Springs Lumber Co., 190 Miss. 572, 1 So.2d 216.

██ 4) But, recourse need not be made to state law. Plaintiffs are foreclosed by well reasoned and authoritative Federal cases in which factual situations substantially identical in principle to the one here presented were involved. See Aubrey v. United States, 1958, 103 U.S. App.D.C. 65, 254 F.2d 768 and United States v. Forfari, 9 Cir., 1959, 268 F.2d 29. These cases stand for the proposi-

tion that if there is a system of compensation set up for a particular class of employees, then that system *is the exclusive source* of compensation for that class. Plaintiffs availed themselves of the system prescribed by statute for James Flood and themselves. This system was exclusive. They cannot now proceed by another route.

The motion is sustained and the order may be so prepared.