### HUTSON *v.* HUTSON

No. 41545 October 17, 1960 123 So. 2d 550

*Floyd & Holleman,* Gulfport, for appellant.

*Robert B. Adam,* Gulfport, for appellee.

GILLESPIE, J.

The question is: May a grantor invoke the aid of the chancery court to avoid a deed given when he was voluntarily intoxicated to the extent that he did not understand the nature and consequence of his act?

Appellant filed his bill in chancery to cancel a deed which he charged was procured by appellee without con-

sideration when appellant was so intoxicated that he was wholly incapacitated to know what he was doing, or, in other words, appellant did not understand the nature and consequences of his act in signing the deed. The court of its own motion dismissed the bill on the ground that appellant did not come into court with clean hands. The chancellor was of the opinion that since appellant charged that he was intoxicated when the deed was signed, it necessarily followed that appellant had violated Section 2613, Mississippi Code of 1942, making it unlawful to have possession of intoxicating liquor.

 The action of the chancellor in dismissing the bill on his own motion was equivalent to sustaining a demurrer. If the bill stated a cause of action, his action must be reversed.

The rule applied by the chancellor is stated in Griffith's Mississippi Chancery Practice, Section 42, as follows: ''He who comes into equity must come with clean hands. —It is the meaning and purpose of this maxim to declare that no person as a complaining party can have the aid of a court of equity when his conduct with respect to the transaction in question has been characterized by wilful inequity, or illegality.'' The text further states that the maxim does not exclude a party because in some other matter his conduct may have been reprehensible. Then it adds that, ''It may be described as such wilful misconduct, inequity or fraud with respect to the immediate transaction as would be condemned and pronounced wrongful by honest and fair-minded men.''

 Guilt of the unlawful possession of intoxicating liquor does not necessarily follow from the mere fact of voluntary intoxication. Nearly forty years ago this Court stated that the statute does not make it a crime to drink liquor. Brazeale v. State, 133 Miss. 171, 97 So. 525. Of course, a person may own the liquor he is drinking and thus be guilty of the unlawful possession thereof. In other words, a person who is intoxi-

cated may or may not have been guilty of the unlawful possession of liquor. Since the Brazeale case was decided it has been cited at least six times and the legislature has met more than twenty times. The law therein announced is still the law.

This case must be remanded for trial on the merits and the proof may, and probably will, show that appellant had unlawfully possessed the liquor that caused him to be so intoxicated as to be incapacitated when he executed the deed in question. Therefore, we should decide whether appellant may maintain his action notwithstanding the fact that he was guilty of illegally possessing the liquor that caused his voluntary intoxication.

We hold that the clean hands maxim is not applicable so as to bar appellant from maintaining his action. If appellant was guilty of illegality in connection with his intoxication, it was not with respect to the immediate transaction in question. There was nothing done by appellant with respect to the immediate transaction that would be condemned and pronounced wrongful by honest and fair-minded men. The illegality of possessing the intoxicating liquor consumed by appellant and which produced his incapacity was remote from the transaction in question. Nothing in the bill of complaint shows that appellant was guilty of any misconduct, inequity, fraud, or illegality with respect to the transaction itself. His prior illegal conduct should not disqualify him from maintaining his action.

According to the bill, which we must accept as true, the appellee procured a deed to valuable property for no consideration when the grantor was so intoxicated that he was incapable of understanding the nature and consequences of his act. Simple justice demands that such a victim have a remedy. The equities in favor of appellant far outweigh any misconduct of his in possessing and consuming intoxicants. We conclude that the clean hands maxim does not apply. This seems to

be in accord with the general rule. 29 Am. Jur., Insane Persons, Section 82, page 203. In 26 C.J.S., Deeds, Section 54, page 731, the rule is stated as follows: "A grantor may avoid his deed on the ground of his voluntary intoxication at the time of its execution where his intoxication was such as to render him incapable of understanding the nature and consequences of his act." Cf. Caulk v. Burt, 114 Miss. 487, 75 So. 369, 112 Miss. 660, 73 So. 618. We have carefully considered the rule, based on public policy, that no court will lend its aid to a party who grounds his action upon an immoral or illegal act. That rule and the cases cited by appellee announcing it do not apply to the present case.

For the reasons stated, the case is reversed and remanded.

Reversed and remanded.

*McGehee, C.J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.