**Leonard F. RIZZUTO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6747.**

United States Court of Appeals Tenth Circuit.

Dec. 29, 1961.

Charles E. Graves, of Roncalio, Pattno & Graves, Cheyenne, Wyo., for appellant.

Jerome I. Levinson, Atty., Dept. of Justice, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Robert N. Chaffin, U. S. Atty., Cheyenne, Wyo., and Morton Hollander, Atty., Dept. of Justice, Washington, D. C., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, Rizzuto, was employed by the Central Base Fund, a nonappropriated fund instrumentality, at Francis E. Warren Air Force Base, Cheyenne, Wyoming, as manager of the bowling alleys operated there for the benefit and pleasure of the members of the armed forces of the United States. Rizzuto was injured in the course of his employ-

ment, and received the compensation benefits afforded by the Wyoming Workmen's Compensation laws. Thereafter he brought this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), seeking additional recovery for the damages resulting from his injuries. This is an appeal from a summary judgment in favor of the United States.

It is admitted that the Central Base Fund at Francis E. Warren Air Force Base paid into an account in the Wyoming Industrial Accident Fund for the purpose of providing workmen's compensation protection for its civilian employees, and that Rizzuto took advantage of the benefits so provided.[1] It is urged: (1) that Rizzuto was not a federal employee, and that he can maintain this action against the United States as a negligent third party; and (2) that the remedy under the Wyoming Workmen's Compensation law is not exclusive under federal law, and the United States cannot rely on the exclusive remedy provision in the state statute because this injury occurred in an area over which the United States has exclusive legislative jurisdiction.

The adjudicated cases hold that the Central Base Fund is an instrumentality of the United States, and that those employed by it are federal employees. Standard Oil Co. of California v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611; United States v. Holcombe, 4 Cir., 277 F.2d 143; United States v. Forfari, 9 Cir., 268 F.2d 29, cert. denied 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157; Aubrey v. United States, 103 U.S.App.D.C. 65, 254 F.2d 768; Lowe v. United States, N.D.Miss., 185 F.Supp. 189, aff'd 5 Cir., 292 F.2d 501. The statute in effect when Rizzuto was injured provided:

"The nonappropriated fund instrumentalities described in the first section of this Act shall provide their civilian employees, by insurance or otherwise, with compensation for death or disability incurred in the course of employment. In the case of employees employed in the continental United States (except Alaska), compensation shall not be less than that provided by the laws of the State (or the District of Columbia) in which the employing activity of any such instrumentality is located. * * *" Act of June 19, 1952, ch. 444, § 2, 66 Stat. 138, 5 U.S.C. § 150k–1 (1952 ed.).

The intent of this statute is to require instrumentalities such as the Central Base Fund to provide protection for their civilian employees to the same extent as other employers in the state where they operate are required to provide compensation for their employees. The statute provided a simple, certain and uniform method for compensation to employees of the Central Base Fund who were injured in the course of their employment and was part of the statutory system providing for remedies against the United States. This compensation was exclusive and precluded recovery under the Federal Tort Claims Act. United

---

1. The trial court found:

"5. The Central Base Fund was on the date of Plaintiff's alleged injuries a duly authorized Non-Appropriated Fund and its bowling alley activities in which Plaintiff was engaged on such date were likewise duly authorized by Air Force Regulation No. 176–1 of the Department of the Air Force, United States of America, dated 10 September 1957 and Air Force Regulation 176–1A, then in force.

"6. On behalf of the Bowling Alley business of such Non-Appropriated Fund, the Central Base Fund on October 1, 1957 applied for and was granted a Workmen's Compensation Account with the Workmen's Compensation Department of the State of Wyoming under the laws of the State of Wyoming.

"7. Following his alleged injuries, Plaintiff, through the Clerk of the District Court for Laramie County, First Judicial District, Wyoming, applied for Workmen's Compensation awards, under the Workmen's Compensation Laws of Wyoming, and there was paid on his behalf the total sum of $1150.17; that a further claim of $1800.00 has been approved but not paid, as of the date of hearing on the Motion for Summary Judgment."

States v. Forfari, supra; Aubrey v. United States,[2] supra; Lowe v. United States, supra. Cf. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152.

Affirmed.

**2.** In Aubrey v. United States, 103 U.S.App. D.C. 65, 254 F.2d 768, 772, the court said:

"We conclude that Aubrey is precluded from maintaining this suit under the Tort Claims Act by the principle set forth in Feres and Johansen that the Act was not intended to grant the right to sue the Government to one who has been provided another remedy against its own instrumentality by the Government

through a system 'of simple, certain, and uniform compensation for injuries or death.' The compensation system provided for plaintiff Aubrey must, like the Tort Claims Act, 'be construed to fit, so far as will comport with its words, into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole.'
* * *" (Footnotes omitted).