**Mary L. MEGGE, Andrew Megge, Judy Ann Megge, by her Guardian Andrew Megge; Barbara Layman, Janet Ann Ziolkowski, by her guardian Dorothy Ziolkowski, and Andrew Megge, Admr. of the estate of Nancy Megge, deceased, and Arthur Ziolkowski, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 24028.**

United States District Court
E. D. Michigan, S. D.

Dec. 6, 1963.

George L. Downing, of Kelman, Loria, Downing & Craig, Detroit, Mich., for plaintiff.

Lawrence Gubow, Barton W. Morris, Detroit, Mich., for defendant.

TALBOT SMITH, District Judge.

The motion to dismiss must be granted.

Plaintiffs rely, primarily, as a basis for their asserted cause of action (brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.) upon the provision of the Michigan Liquor Control Act, found in M.S.A. § 18.1000, Comp.

Laws Mich.1948, § 436.29, that "No *vendor* shall sell any alcoholic liquor to any person in an intoxicated condition". (Emphasis supplied by the Court.) It is alleged that the United States, through its employees, did so sell, at the Non-commissioned Officers' Club at Selfridge Air Force Base, to one Sergeant Russell Evans, who thereafter inflicted upon plaintiffs, through his negligent driving, serious injuries.

The Government has moved to dismiss, relying principally upon the proposition that the United States was not a "vendor", since a vendor is defined in the Act (M.S.A., § 18.972(13), Comp. Laws Mich.1948, § 436.2) as "a person licensed by the commissioner under this act to sell alcoholic liquor". No such licensing of the agents of the United States under the act has been established and, such being the case, it is argued, and the Court finds, that the act does not apply.

There is, moreover, no common law liability in this situation, absent statute. As to this aspect of the case it is the Court's judgment that the state of the law was accurately expressed in the case of State for Use of Joyce v. Hatfield, 197 Md. 249, 254–255, 78 A.2d 754, 756, in the following words: "No case, English or American, has been cited, and we have found none, in which (apart from statute) a seller of intoxicating liquor has been held liable for a tort of the buyer who drank the liquor". The chief obstacle to such recovery is, obviously, that of proximate cause.

Plaintiffs cite to us the case of Fournier v. United States, (S.D.Miss.1963), 220 F.Supp. 752. In Fournier, plaintiff sued under the Federal Tort Claims Act for the accidental death of his wife. She was served drinks beyond her capacities in an officer's mess, fell down the stairs, and was fatally injured. The Court ruled that the proximate cause of her death was the combination of negligently served drinks, plus negligent upkeep of the stairs, assessed her contributory negligence at 50%, and awarded damages for the balance. We do not regard the case as applicable to the facts before the Court. The issue presented here is the applicability of the Michigan Liquor Control Act (the Dram Shop Act) to a situation wherein third parties suffer injury because of the tortious acts of the person served intoxicating liquor by a vendor of such liquor. The facts are neither parallel nor analogous to those presented in the Mississippi case. Mississippi, in fact, is a "dry" state.

An appropriate order may be presented.