Thomas P. FRALEY, a minor, who brings this action by Thomas F. Fraley, his father and next friend, and Thomas F. Fraley, Plaintiffs,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

AMERICAN POLICYHOLDERS' INSURANCE COMPANY, Third-Party Defendant.

Civ. A. No. 63–497–J.

United States District Court
D. Massachusetts.

July 14, 1964.

Samuel L. Reisner, Springfield, Mass., for plaintiff.

William F. Looney, Jr., Asst. U. S. Atty., for defendant.

William A. Cotter, Jr., Boston, Mass., for third-party defendant.

JULIAN, District Judge.

The plaintiffs commenced this action in a state court against Henry M. Bader for personal injuries and consequential damages resulting from the alleged negligent operation of a motor vehicle.

The suit was removed and was deemed to be a suit against the United States under 28 U.S.C. § 2679.

The original defendant, Bader, was the personnel manager of the Base Exchange at the Westover Air Force Base. The Government alleges that the vehicle he was driving was owned by the Army and Air Force Exchange Service.

After removal of the case the Government was granted leave to bring in the American Policyholders' Insurance Company (A. P. I.) as a third-party defendant.

A. P. I. is Bader's own automobile insurance carrier under a policy that provides coverage for bodily injury and property damage liability.

The third-party defendant (A. P. I.) has moved to dismiss the third-party complaint for failure to state a claim on which relief can be granted.

The Court has treated the motion as a motion for summary judgment (Rule 12(b) Federal Rules of Civil Procedure) and, in addition to the pleadings, has considered the removal petition and the stipulation filed by the Government and A. P. I.

Paragraph 4 of the Government's third-party complaint asserts:

"The Defendant and Third-Party Plaintiff, the United States of America, if found to be legally responsible for the use by Henry M. Bader of the motor vehicle which caused the alleged damage to the Plaintiffs, Thomas P. Fraley and Thomas F. Fraley, since it was not the owner of said vehicle nor a hirer of it, would therefore be an insured within * * * Part I, Article IV(a) of * * * Policy No. MX 2-243660".

That portion of the policy referred to in the third-party complaint and relied on by the Government provides:

"IV. Use of Other Motor Vehicles. Coverages B, C and D.

"If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger motor vehicle covered by this policy, such insurance as is afforded by this policy under coverages B,

C and division 2 of coverage D with respect to said motor vehicle applies with respect to any other motor vehicle, subject to the following provisions:

"(a) with respect to the insurance under coverages B and C, the unqualified word 'insured' includes

"(1) such named insured and spouse; and

"(2) any other person or organization legally responsible for the use by such named insured or spouse of a motor vehicle not owned or hired by such other person or organization,

provided the actual use of such other motor vehicle is with the permission of the owner."

To be entitled to be indemnified should the need arise, the United States would have to be considered as an insured under policy provision IV(a) (2) above. The United States takes the position that it did not own the vehicle involved but that it was owned by the Army and Air Force Exchange Service.

The Supreme Court, in Standard Oil Co. of California v. Johnson, 316 U.S. 481, 485, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611 (1942) stated:

" * * * [W]e conclude that post exchanges as now operated are arms of the government deemed by it essential for the performance of governmental functions. They are integral parts of the War Department, share in fulfilling the duties entrusted to it, and partake of whatever immunities it may have under the constitution and federal statutes."

See also Nimro v. Davis, 1953, 92 U.S. App.D.C. 293, 204 F.2d 734, cert. denied, 346 U.S. 901, 74 S.Ct. 229, 98 L.Ed. 401 (1953) (Cafeteria Association at Naval Gun Factory held to be an arm of the Government); United States v. Holcombe, 4 Cir., 1960, 277 F.2d 143 (Naval Officers Mess held to be a federal agency); Rizzuto v. United States, 10 Cir., 1961, 298 F.2d 748 (Central Base Fund held to be an instrumentality of the United States).

The above-cited cases put the status of the Exchange Service beyond question and render untenable the Government's contention that ownership of a vehicle by one of its instrumentalities which forms an integral part of the Defense Department is not ownership by the Government. The United States must be deemed to be the owner of the vehicle in question. Being the owner of the vehicle, the United States is clearly not an insured within the quoted terms of the policy.

The motion is granted, and judgment will be entered dismissing the third-party complaint.